**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEAMFITTERS LOCAL UNION NO. 420, <br><br> Plaintiff, <br><br> v. <br><br> MALLINCKRODT ARD, LLC., et al., <br><br> Defendants. | No. 2:19-cv-3047-BMS |

## MALLINCKRODT ARD LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Mallinckrodt ARD LLC, by and through its counsel submits the following Answer to Plaintiff Steamfitters Local Union No. 420's Civil Class Action Complaint (the "Complaint"), and in support thereof, aver as follows:

### RESPONSES TO "NATURE OF THE CASE"

**ANSWER TO PARAGRAPH 1:**     Mallinckrodt admits that Plaintiff brings this action against Mallinckrodt, and Defendant United BioSource Corporation. Mallinckrodt denies the remaining allegations in Paragraph 1.

**ANSWER TO PARAGRAPH 2:**     Mallinckrodt admits that it manufactures Acthar. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether Acthar is the only therapeutic ACTH product sold in the United States or whether Mallinckrodt is the "sole provider" of ACTH, as the term "sole provider" is unreasonably vague; therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 2.

1

**ANSWER TO PARAGRAPH 3:**     Mallinckrodt admits that Questcor purchased the rights to Acthar from Aventis.  Mallinckrodt denies the remaining allegations in Paragraph 3.

**ANSWER TO PARAGRAPH 4:**     Mallinckrodt admits that Acthar is a specialty pharmaceutical distributed through specialty pharmacy distributors, and Acthar is not sold in retail pharmacies. Mallinckrodt denies the remaining allegations in Paragraph 4.

**ANSWER TO PARAGRAPH 5:**     Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 6:**     Mallinckrodt admits that in 2007 Questcor changed its distribution method for Acthar. Mallinckrodt denies the remaining allegations in Paragraph 6.

**ANSWER TO PARAGRAPH 7:**     Mallinckrodt denies the allegations in Paragraph 7.

**ANSWER TO PARAGRAPH 8:**     Mallinckrodt admits that in 2007 Questcor changed its distribution method for Acthar. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether CuraScript and UBC were both subsidiaries of Express Scripts; therefore these allegations are denied. Mallinckrodt denies the remaining allegations in Paragraph 8.

**ANSWER TO PARAGRAPH 9:**     Mallinckrodt admits that there are cases filed against it in federal court in the Northern District of Illinois and the Eastern District of Pennsylvania, and refers to those complaints and the corresponding dockets in those cases for the contents thereof. Mallinckrodt denies the remaining allegations in Paragraph 9.

**ANSWER TO PARAGRAPH 10:**   The first sentence of Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Further answering, Mallinckrodt admits that Local 420 brings this action against Defendants, but otherwise denies the allegations in the second sentence of Paragraph 10.

Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the third sentence of Paragraph 10; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 11:**   Mallinckrodt denies the allegations in Paragraph 11.

**ANSWER TO PARAGRAPH 12:**   Mallinckrodt denies the allegations in Paragraph 12.

**ANSWER TO PARAGRAPH 13:**   Mallinckrodt admits that CNN published an article on April 30, 2019, about a whistleblower lawsuit against the company. The article speaks for itself. Mallinckrodt admits that Plaintiff quotes allegations from a complaint filed in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-00175-BMS (E.D. Pa.). That complaint speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 13.

**ANSWER TO PARAGRAPH 14:**   Mallinckrodt admits that relator filed a complaint in *U.S. ex. Rel. Scott Clark v. Questcor Pharmaceuticals, Inc.*, 2:13-cv-01776-BMS (E.D. Pa.).  That complaint speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 14.

**ANSWER TO PARAGRAPH 15:**   Mallinckrodt denies the allegations in Paragraph 15.

**ANSWER TO PARAGRAPH 16:**   Mallinckrodt denies the allegations in Paragraph 16.

**ANSWER TO PARAGRAPH 17:**   Mallinckrodt denies the allegations in Paragraph 17.

**ANSWER TO PARAGRAPH 18:**   Mallinckrodt denies the allegations in Paragraph 18.

**ANSWER TO PARAGRAPH 19:**   Mallinckrodt admits that Plaintiff brings this action against Defendants. Mallinckrodt denies the remaining allegations in Paragraph 19.

## RESPONSES TO "JURISDICTION AND VENUE"

**ANSWER TO PARAGRAPH 20:**   Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 21:**   Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 22:**   Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 23:**   Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 24:**   Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 25:**   Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

## RESPONSES TO "THE PARTIES"

**ANSWER TO PARAGRAPH 26:**   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 27:**   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 28:**   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 29:**   Mallinckrodt denies the allegations in the second sentence of Paragraph 29. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 30:**   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in

Paragraph 30; therefore these allegations are denied.  Mallinckrodt denies the allegations in the third sentence of Paragraph 30.

**ANSWER TO PARAGRAPH 31**:   Mallinckrodt admits that Mallinckrodt ARD LLC, has an office in Bedminster Township, NJ. Mallinckrodt admits that Questcor is a wholly-owned subsidiary of Mallinckrodt's parent and that its name was initially changed to Mallinckrodt ARD Inc., and later to Mallinckrodt ARD LLC. Mallinckrodt denies the remaining allegations in Paragraph 31.

**ANSWER TO PARAGRAPH 32**:   Mallinckrodt admits that Mallinckrodt ARD LLC is an indirect wholly-owned subsidiary of Mallinckrodt plc, an Irish public limited company that has its principal executive office at 3 Lotus Park, The Causeway, Staines-Upon-Thames, Surrey TW18 3AG, United Kingdom. Mallinckrodt denies the remaining allegations in Paragraph 32.

**ANSWER TO PARAGRAPH 33**:   Mallinckrodt admits that Mallinckrodt entered into an Agreement and Plan of Merger with Questcor dated April 5, 2014.  Further answering, Mallinckrodt admits that its parent acquired Questcor on August 14, 2014 in a transaction valued at approximately $5.8 billion. Mallinckrodt denies the remaining allegations in Paragraph 33.

**ANSWER TO PARAGRAPH 34**:   Mallinckrodt admits the allegations in Paragraph 34.

**ANSWER TO PARAGRAPH 35**:   Mallinckrodt admits the allegations in Paragraph 35.

**ANSWER TO PARAGRAPH 36**:   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 37**:   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 38:**   Mallinckrodt admits that in 2007 Questcor changed its distribution method for Acthar.  Further answering, Mallinckrodt admits that Plaintiffs attached the Acthar Start Form as an exhibit to the complaint. The form speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 38.

**ANSWER TO PARAGRAPH 39:**   Mallinckrodt denies the allegations in Paragraph 39.

**ANSWER TO PARAGRAPH 40:**   Mallinckrodt denies the allegations in Paragraph 40.

### RESPONSES TO "FACTUAL BACKGROUND"

**ANSWER TO PARAGRAPH 41:**   Mallinckrodt admits that Acthar was approved in 1952 by the U.S. Food and Drug Administration ("FDA") for alcoholism and radiation sickness. Mallinckrodt admits that Acthar is currently approved for nineteen indications. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether Acthar was approved for poison ivy or radiation sickness in 1952. Mallinckrodt denies the remaining allegations in Paragraph 41.

**ANSWER TO PARAGRAPH 42:**   Mallinckrodt admits that Acthar is an adrenocorticotropic hormone. Mallinckrodt admits that Hench and Kendall won the Nobel Prize in 1950 along with Tadeus Reichstein for "discoveries relating to the hormones of the adrenal cortex, their structure and biological effects." Mallinckrodt denies the remaining allegations in Paragraph 42.

**ANSWER TO PARAGRAPH 43:**   Mallinckrodt admits that Acthar was developed by Armour Pharmaceutical Company. Mallinckrodt admits that Plaintiff quotes language from *Armour & Co. v. Wilson & Co.*, 274 F.2d 143 (7th Cir. 1960). The opinion speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 43.

**ANSWER TO PARAGRAPH 44:**   Mallinckrodt admits that Acthar is an adrenocorticotropic hormone.  Mallinckrodt admits that the mechanism of action of Acthar is described in Acthar's

FDA-approved label, which speaks for itself.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 45:**  Mallinckrodt admits that the standards for the approval and marketing of pharmaceutical drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 45.

**ANSWER TO PARAGRAPH 46:**  Mallinckrodt admits that the standards for the approval of pharmaceutical drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 46.

**ANSWER TO PARAGRAPH 47:**  Mallinckrodt admits that the standards for the approval and marketing of pharmaceutical drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 47.

**ANSWER TO PARAGRAPH 48:**  Mallinckrodt admits that the standards for the approval of pharmaceutical drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 48.

**ANSWER TO PARAGRAPH 49:**  Mallinckrodt admits that the standards for the approval of pharmaceutical drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Further answering, Mallinckrodt admits that Plaintiff quotes language from a May 1998 FDA Guidance document entitled "Providing Clinical Evidence of

Effectiveness for Human Drugs and Biological Products." That document speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 49.

**ANSWER TO PARAGRAPH 50:**   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 50; therefore these allegations are denied.  Further answering, Mallinckrodt admits that Plaintiff quotes language from a U.S. Senate Report in the second sentence of Paragraph 50.  That report speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 50.

**ANSWER TO PARAGRAPH 51:**   Mallinckrodt admits that in Section 115(a) of the Medicare Modernization Act, Congress amended section 505(d) to state, "If the Secretary determines, based on relevant science, that data from one adequate and well-controlled clinical investigation and confirmatory evidence (obtained prior to or after such investigation) are sufficient to establish effectiveness, the Secretary may consider such data and evidence to constitute substantial evidence for purposes of the preceding sentence."  The statute speaks for itself. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 52:**   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 53:**   Mallinckrodt admits that the FDA regulates pharmaceutical labeling and the standards for labeling are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 53.

**ANSWER TO PARAGRAPH 54**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 54.

**ANSWER TO PARAGRAPH 55**:   Mallinckrodt admits that, under applicable laws and regulations, pharmaceutical companies submit advertising and promotional materials to FDA for review accompanied by Form FDA-2253. The applicable laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 55.

**ANSWER TO PARAGRAPH 56**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 56.

**ANSWER TO PARAGRAPH 57**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 57.

**ANSWER TO PARAGRAPH 58**:   Paragraph 58 states a legal conclusion to which no response is required.  To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 59**:   Mallinckrodt admits that the FDA does not regulate the practice of medicine and that physicians may, in the exercise of their independent medical judgment, prescribe a drug for uses that are different than those approved by the FDA. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 60**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 60.

**ANSWER TO PARAGRAPH 61**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt admits that Plaintiff cites *U.S. v. Caronia*, 703 F.3d 149 (2d. Cir. 2012), and *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980). The opinions in those cases speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 61.

**ANSWER TO PARAGRAPH 62**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 62.

**ANSWER TO PARAGRAPH 63**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 63.

**ANSWER TO PARAGRAPH 64**:   Mallinckrodt denies that it promoted its FDA-approved drugs through unsubstantiated comparative claims.  Further answering, Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 64.

**ANSWER TO PARAGRAPH 65**:   Mallinckrodt admits that Plaintiff quotes language from a federal regulation.  The regulation speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 65.

**ANSWER TO PARAGRAPH 66**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 66.

**ANSWER TO PARAGRAPH 67**:   Mallinckrodt admits that Plaintiff characterizes a federal regulation.  The regulation speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 67.

**ANSWER TO PARAGRAPH 68**:   Mallinckrodt admits that Plaintiff quotes language from a federal regulation.  The regulation speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 68.

**ANSWER TO PARAGRAPH 69**:   Mallinckrodt admits that the standards for marketing and promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 69.

**ANSWER TO PARAGRAPH 70**:   Mallinckrodt admits that Plaintiff quotes language from a federal regulation.  The regulation speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 70.

**ANSWER TO PARAGRAPH 71**:   Mallinckrodt admits that Plaintiff quotes language from a federal regulation.  The regulation speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 71.

**ANSWER TO PARAGRAPH 72**:   Mallinckrodt admits that Plaintiff characterizes a federal

statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in

Paragraph 72.

**ANSWER TO PARAGRAPH 73**:   Mallinckrodt admits that the standards for marketing and

promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws

and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in

Paragraph 73.

**ANSWER TO PARAGRAPH 74**:   Mallinckrodt admits that the standards for marketing and

promotion of FDA-approved drugs are governed by applicable laws and regulations.  These laws

and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in

Paragraph 74.

**ANSWER TO PARAGRAPH 75**:   Mallinckrodt admits that FDA's Office of Prescription

Drug Promotion ("OPDP"), formerly known as the Division of Drug Marketing, Advertising and

Communications ("DDMAC"), is responsible for overseeing the marketing and promotion of

FDA-approved drugs.  Mallinckrodt further admits that Plaintiff cites a statement from Janet

Woodcock, M.D.  That statement speaks for itself.  Mallinckrodt denies the remaining

allegations in Paragraph 75.

**ANSWER TO PARAGRAPH 76**:   Mallinckrodt is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 76; therefore these

allegations are denied.

**ANSWER TO PARAGRAPH 77**:   Mallinckrodt admits that the standards for the labeling,

marketing, and promotion of FDA-approved prescription drugs are governed by applicable laws

and regulations.  These laws and regulations speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 77.

**ANSWER TO PARAGRAPH 78:**  Mallinckrodt admits that Plaintiff cites a July 28, 2008 U.S. General Accountability Office Report.  The report speaks for itself.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 79:**  Mallinckrodt admits that Acthar was approved in 1952 by the FDA.  Further answering, Mallinckrodt admits that Plaintiff cites a September 27, 2010 Pre-Decisional Agency Memo that is attached as an exhibit to the complaint.  That document speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 79.

**ANSWER TO PARAGRAPH 80:**  Mallinckrodt admits that Plaintiff quotes language from a September 27, 2010 Pre-Decisional Agency Memo that is attached as an exhibit to the complaint.  That document speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 80.

**ANSWER TO PARAGRAPH 81:**  Mallinckrodt admits that Plaintiff quotes language from a June 22, 2017 "Statement on H.P. Acthar Gel (Repository Corticotropin Injection) Update" that is attached as an exhibit to the complaint.  That statement speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 81.

**ANSWER TO PARAGRAPH 82:**  Mallinckrodt admits that Plaintiff quotes language from an April 5, 2010 Memorandum from Russell Katz, M.D.  That memorandum speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 82.

**ANSWER TO PARAGRAPH 83:**  Mallinckrodt denies the allegations in Paragraph 83.

**ANSWER TO PARAGRAPH 84:**  Mallinckrodt admits that FDA initiated Drug Efficacy Study Implementation ("DESI") review of Acthar in 1971 and finalized that review in 1977.

Further answering, Mallinckrodt admits that the standards for FDA approval of prescription drugs are governed by applicable laws and regulations.  These laws and regulations speak for themselves. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 85:**   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 85; therefore these allegations are denied.  Further answering, Mallinckrodt admits that Plaintiff quotes language from a federal statute in the second sentence of Paragraph 85. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 85.

**ANSWER TO PARAGRAPH 86:**   Mallinckrodt admits that FDA initiated Drug Efficacy Study Implementation ("DESI") review of Acthar in 1971 and finalized that review in 1977. Further answering, Mallinckrodt admits that Plaintiff quotes language from an entry published in the Federal Register titled "Corticotropin for Parenteral Use."  That entry speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 86.

**ANSWER TO PARAGRAPH 87:**   Mallinckrodt admits that Plaintiff quotes language from an entry published in the Federal Register titled "Corticotropin for Parenteral Use."  That entry speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 87.

**ANSWER TO PARAGRAPH 88:**   Mallinckrodt admits that Acthar is currently approved for nineteen indications.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning the reason that Local 420's beneficiary was prescribed Acthar; therefore this allegation is denied.  Further answering, Mallinckrodt admits that Plaintiff quotes language from an entry published in the Federal Register titled

"Corticotropin for Parenteral Use."  That entry speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 88.

**ANSWER TO PARAGRAPH 89:**  Mallinckrodt admits that Acthar is currently approved for nineteen indications.  Mallinckrodt denies the remaining allegations in Paragraph 89.

**ANSWER TO PARAGRAPH 90:**  Mallinckrodt admits that Plaintiff quotes language from *Armour & Co. v. Wilson & Co.*, 274 F.2S 143 (7th Cir. 1960). The opinion speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 90.

**ANSWER TO PARAGRAPH 91:**  Mallinckrodt admits that generic corticosteroids can be effective to treat certain indications for which Acthar was approved.  Mallinckrodt admits that the use of Acthar for the treatment of IS was approved by FDA in October 2010.  Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 92:**  Mallinckrodt denies the allegations in the first sentence of Paragraph 92.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 93:**  Mallinckrodt denies the allegations in Paragraph 93.

**ANSWER TO PARAGRAPH 94:**  Mallinckrodt denies the allegations in the first sentence of Paragraph 94.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 95:**  Mallinckrodt denies the allegations in Paragraph 95.

**ANSWER TO PARAGRAPH 96:**  Mallinckrodt admits the first sentence of Paragraph 96. Mallinckrodt denies the remaining allegations in Paragraph 96.

**ANSWER TO PARAGRAPH 97:**   Mallinckrodt admits that Acthar is currently approved for nineteen indications.  In addition to the indications listed in Paragraph 97, Acthar is also currently approved for the treatment of severe acute and chronic allergic and inflammatory processes involving the eye and its adnexa such as: keratitis, iritis, iridocyclitis, diffuse posterior uveitis and choroiditis; optic neuritis; chorioretinitis; and anterior segment inflammation. Mallinckrodt denies the remaining allegations in Paragraph 97.

**ANSWER TO PARAGRAPH 98:**   Mallinckrodt denies the allegations in Paragraph 98 as the term "substantially all" is unreasonably vague.

**ANSWER TO PARAGRAPH 99:**   Mallinckrodt admits that multiple sclerosis is a potentially disabling disease of the brain and spinal cord (central nervous system) in which the immune system attacks the protective sheath (myelin) that covers nerve fibers.  Mallinckrodt admits that signs and symptoms of MS vary widely and depend on the amount of nerve damage and which nerves are affected.  Mallinckrodt denies the remaining allegations in Paragraph 99.

**ANSWER TO PARAGRAPH 100:** Mallinckrodt denies the allegations in Paragraph 100.

**ANSWER TO PARAGRAPH 101:** Mallinckrodt admits that Acthar is FDA-approved for the treatment of acute exacerbations of multiple sclerosis in adults.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 102:** Mallinckrodt admits that Acthar is FDA-approved for the treatment of acute exacerbations of multiple sclerosis in adults.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 103:** Mallinckrodt admits the allegations in Paragraph 103.

**ANSWER TO PARAGRAPH 104:** Mallinckrodt denies the allegations in Paragraph 104.

**ANSWER TO PARAGRAPH 105:** Mallinckrodt denies the allegations in Paragraph 105.

**ANSWER TO PARAGRAPH 106:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 107:** Mallinckrodt admits the allegations in Paragraph 107.

**ANSWER TO PARAGRAPH 108:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 109:** Mallinckrodt admits that rheumatoid arthritis ("RA") is an inflammatory autoimmune disorder in which the body's immune system mistakenly attacks the body's tissues, including the joints.  Mallinckrodt denies the remaining allegations in Paragraph 109.

**ANSWER TO PARAGRAPH 110:** Mallinckrodt denies the allegations in Paragraph 110.

**ANSWER TO PARAGRAPH 111:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 112:** Mallinckrodt admits that the FDA-approved label for Acthar contains warnings and precautions and lists certain adverse reactions.  The label speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 112.

**ANSWER TO PARAGRAPH 113:** Mallinckrodt admits that the FDA-approved label for Acthar contains the following warning: "Administration of live or live attenuated vaccines is

contraindicated in patients receiving immunosuppressive doses of H.P. Acthar Gel."
Mallinckrodt denies the remaining allegations in Paragraph 113.

**ANSWER TO PARAGRAPH 114:** Mallinckrodt admits that the FDA approved a Risk

Evaluation and Mitigation Strategy ("REMS") for Acthar on October 15, 2010.  Further

answering, Mallinckrodt admits that the REMS consists of a Medication Guide and a timetable

for submission of assessments of the REMS.  Mallinckrodt denies the remaining allegations in

Paragraph 114.

**ANSWER TO PARAGRAPH 115:** Mallinckrodt denies the allegations in Paragraph 115.

**ANSWER TO PARAGRAPH 116:** Mallinckrodt admits that Questcor purchased the rights to

Acthar from Aventis.  Mallinckrodt denies the remaining allegations in Paragraph 116.

**ANSWER TO PARAGRAPH 117:** Mallinckrodt admits that there is an Asset Purchase

Agreement between Aventis and Questcor dated July 27, 2001.  That agreement speaks for itself.

Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 117; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 118:** Mallinckrodt admits that IS is a serious condition for

infants with a small annual patient population. Mallinckrodt also admits that an IS indication for

Acthar was approved by the FDA and orphan drug status was granted. Mallinckrodt denies the

remaining allegations in Paragraph 118.

**ANSWER TO PARAGRAPH 119:** Mallinckrodt, whose parent did not acquire Questcor until

2014, is without knowledge or information sufficient to form a belief as to the truth of whether

Acthar's "primary sales" were for treatment of IS as the term "primary sales" is unreasonably

vague, and therefore denies the allegations in Paragraph 119.

**ANSWER TO PARAGRAPH 120:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 121:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 122:** Mallinckrodt admits that Plaintiff quotes language from Questcor's Form 10-K for the period ending December 31, 2001.  That document speaks for itself.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 123:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 124:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 125:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 126:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 127:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 128:** Mallinckrodt denies the allegations in Paragraph 128.

**ANSWER TO PARAGRAPH 129:** Mallinckrodt admits that Acthar is a specialty pharmaceutical. Mallinckrodt denies the remaining allegations in Paragraph 129.

**ANSWER TO PARAGRAPH 130:** Mallinckrodt admits that Questcor purchased the rights to Acthar. Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 131:** Mallinckrodt admits that on July 2, 2007, Questcor announced that effective August 1, 2007, Acthar would be available exclusively through specialty pharmacy distribution.  Mallinckrodt denies the remaining allegations in Paragraph 131.

**ANSWER TO PARAGRAPH 132:** Mallinckrodt denies the allegations in Paragraph 132.

**ANSWER TO PARAGRAPH 133:** Mallinckrodt denies the allegations in Paragraph 133.

**ANSWER TO PARAGRAPH 134:** Mallinckrodt denies the allegations in Paragraph 134.

**ANSWER TO PARAGRAPH 135:** Mallinckrodt denies the allegations in Paragraph 135.

**ANSWER TO PARAGRAPH 136:** Mallinckrodt denies the allegations in Paragraph 136.

**ANSWER TO PARAGRAPH 137:** Mallinckrodt admits that Plaintiff quotes language from a February 23, 2005, Questcor press release.  The press release speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 137.

**ANSWER TO PARAGRAPH 138:** Mallinckrodt admits that prior to joining Questcor, Mr. Fares held a number of positions including: CEO and President of FGC Pharma/Novella Neurosciences, Sr. Vice President, Commercial Operations of Xcel Pharmaceuticals, Vice President and General Manager at Elan Pharma, Vice President of Sales at Athena Neurosciences, and various sales and marketing positions at Merck.  Mallinckrodt admits that the Questor board determined that he was well qualified.  Mallinckrodt denies that Mr. Fares joined Mallinckrodt and the remaining allegations in Paragraph 138.

**ANSWER TO PARAGRAPH 139:** Mallinckrodt admits that Mr. Fares resigned from his positions as President and CEO of Questcor in May 2007 and he was replaced by Don Bailey, a member of Questcor's Board of Directors, who was appointed Interim President.  Further answering, Mallinckrodt admits that in November 2007, Mr. Bailey was appointed President and CEO of Questcor.  Mallinckrodt denies the remaining allegations in Paragraph 139.

**ANSWER TO PARAGRAPH 140:** Mallinckrodt denies the allegations in Paragraph 140.

**ANSWER TO PARAGRAPH 141:** Mallinckrodt admits that in 2007 Questcor changed its distribution method for Acthar and signed a distribution agreement with CuraScript.  Mallinckrodt denies the remaining allegations in Paragraph 141.

**ANSWER TO PARAGRAPH 142:** Mallinckrodt denies the allegations in Paragraph 142.

**ANSWER TO PARAGRAPH 143:** Mallinckrodt admits that Albert Hansen resigned as a member of the Board of Questor on August 16, 2007.  Mallinckrodt denies the remaining allegations in Paragraph 143.

**ANSWER TO PARAGRAPH 144:** Mallinckrodt admits that Mr. Liebler joined Questcor in August 2006 and resigned as Senior Vice President, Strategic Planning and Communications, in August 2007.  Mallinckrodt denies the remaining allegations in Paragraph 144.

**ANSWER TO PARAGRAPH 145:** Mallinckrodt admits that Mr. LaPointe resigned from Questcor's Board of Directors on August 30, 2007.  Mallinckrodt denies the remaining allegations in Paragraph 145.

**ANSWER TO PARAGRAPH 146:** Mallinckrodt admits that Plaintiff quotes language from a September 6, 2007 email from Steve Cartt.  The email speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 146.

**ANSWER TO PARAGRAPH 147:** Mallinckrodt denies the allegations in Paragraph 147.

**ANSWER TO PARAGRAPH 148:** Mallinckrodt denies the allegations in Paragraph 148.

**ANSWER TO PARAGRAPH 149:** Mallinckrodt denies that the "company started gouging patients and payers for Acthar."  Mallinckrodt admits that on July 2, 2007, the Questcor Board of Directors, based on the recommendation of the Compensation Committee of the Board, approved a compensation arrangement for Mr. Bailey pursuant to which he was granted options to purchase shares of the company's common stock at $0.44 per share, which was the closing stock price on the date the grants were approved by the Board.  Further answering, Mallinckrodt admits that Mr. Bailey purchased shares of Questcor stock for $1.67 per share in 2006. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 150:** Mallinckrodt admits that in June 2014, Mr. Bailey exercised an option to purchase 40,000 shares of Questcor stock at a price of $5.12 per share. Mallinckrodt admits that in August 2014, Mr. Bailey sold 40,000 shares of Questcor stock at a price of $91.925 per share.  Mallinckrodt is without knowledge or information sufficient to form a belief as to whether Mr. Bailey "sold the same stock" or the amount of profit; therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 150.

**ANSWER TO PARAGRAPH 151:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 152:** Mallinckrodt denies the allegations in Paragraph 152.

**ANSWER TO PARAGRAPH 153:** Mallinckrodt denies the allegations in Paragraph 153.

**ANSWER TO PARAGRAPH 154:** Mallinckrodt denies the allegations in Paragraph 154.

**ANSWER TO PARAGRAPH 155:** Mallinckrodt denies the allegations in Paragraph 155.

**ANSWER TO PARAGRAPH 156:** Mallinckrodt denies the allegations in Paragraph 156.

**ANSWER TO PARAGRAPH 157:** Mallinckrodt admits that Plaintiff quotes language from a New York Times article.  The article speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 157.

**ANSWER TO PARAGRAPH 158:** Mallinckrodt denies the allegations in Paragraph 158.

**ANSWER TO PARAGRAPH 159:** Mallinckrodt denies the allegations in Paragraph 159.

**ANSWER TO PARAGRAPH 160:** Mallinckrodt denies the allegations in Paragraph 160.

**ANSWER TO PARAGRAPH 161:** Mallinckrodt admits that Plaintiff attached the Acthar Start Form as an exhibit to the complaint.  That document speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 161.

**ANSWER TO PARAGRAPH 162:** Mallinckrodt denies the allegations in Paragraph 162.

**ANSWER TO PARAGRAPH 163:** Mallinckrodt denies the allegations in Paragraph 163.

**ANSWER TO PARAGRAPH 164:** Mallinckrodt admits that relators attached documents as exhibits to the Strunck & Pratta Complaint but deny the remaining allegations in Paragraph 164.

**ANSWER TO PARAGRAPH 165:** Mallinckrodt denies the allegations in Paragraph 165.

**ANSWER TO PARAGRAPH 166:** Mallinckrodt admits that Plaintiff attached the Acthar Start Form as an exhibit to the complaint.  The form speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 166.

**ANSWER TO PARAGRAPH 167:** Mallinckrodt denies the allegations in Paragraph 167.

**ANSWER TO PARAGRAPH 168:** Mallinckrodt denies the allegations in Paragraph 168.

**ANSWER TO PARAGRAPH 169:** Mallinckrodt denies the allegations in Paragraph 169.

**ANSWER TO PARAGRAPH 170:** Mallinckrodt denies the allegations in Paragraph 170.

**ANSWER TO PARAGRAPH 171:** Mallinckrodt denies the allegations in Paragraph 171.

**ANSWER TO PARAGRAPH 172:** Mallinckrodt denies the allegations in Paragraph 172.

**ANSWER TO PARAGRAPH 173:** Mallinckrodt admits that, because Acthar is a complex injectable biopharmaceutical, Mallinckrodt offers injection training to patients and/or caregivers of patients to whom Acthar is prescribed.  Mallinckrodt further admits that this injection training is provided by nurses who are employed by or have a contract with UBC and, as is disclosed to patients/caregivers, typically is provided at no cost to them.  Mallinckrodt denies the remaining allegations in Paragraph 173.

**ANSWER TO PARAGRAPH 174:** Mallinckrodt admits that Plaintiff attached the Acthar Start Form as an exhibit to the complaint.  The form speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 174.

**ANSWER TO PARAGRAPH 175:** Paragraph 175 states a legal conclusion to which no response is required.  To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 176:** Mallinckrodt admits that Questcor purchased the rights to Acthar from Aventis in 2001.  Mallinckrodt denies the remaining allegations in Paragraph 176.

**ANSWER TO PARAGRAPH 177:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore, these allegations are denied.

**ANSWER TO PARAGRAPH 178:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Questcor's WAC or AWP for Acthar in September 2001.  Mallinckrodt denies that Questcor raised or otherwise set Acthar's AWP, and it denies the remaining allegations in Paragraph 178.

**ANSWER TO PARAGRAPH 179:** Mallinckrodt denies the allegations in Paragraph 179.

**ANSWER TO PARAGRAPH 180:** Mallinckrodt, whose parent did not acquire Questcor until 2014, admits that the Acthar WAC changed to $1,650.23 as of February 1, 2007.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Acthar's AWP; therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 180.

**ANSWER TO PARAGRAPH 181:**  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Acthar's WAC for 2001 or 2002 and Acthar's AWP at any point in time; therefore these allegations are denied.  Further answering, Mallinckrodt states that the WAC entry for "April 1, 2003" occurred on "January 1, 2004."  Mallinckrodt denies the remaining allegations in Paragraph 181.

**ANSWER TO PARAGRAPH 182:** Mallinckrodt denies the allegations in Paragraph 182.

**ANSWER TO PARAGRAPH 183:** Mallinckrodt, whose parent did not acquire Questcor until 2014, admits that in 2007 Questcor changed its distribution method for Acthar.  Mallinckrodt states that the change in Acthar's WAC referenced in Paragraph 183 occurred on November 1,

2007, not August 27, 2007.  Mallinckrodt denies that Questcor set Acthar's AWP.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amount of Acthar's AWP, and therefore, it denies this allegation.  Mallinckrodt denies the remaining allegations in Paragraph 183.

**ANSWER TO PARAGRAPH 184:** Mallinckrodt admits that the Acthar WAC changed to $24,432.00 on January 1, 2011, $25,654.00 on June 1, 2011, and $27,320.00 on December 27, 2011.  Mallinckrodt denies Plaintiff's characterization of these price increases.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 185:** Mallinckrodt denies the allegations in Paragraph 185.

**ANSWER TO PARAGRAPH 186:** Mallinckrodt admits that Questcor intended a 5% price increase for Acthar in September 2012.  Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 187:** Mallinckrodt admits that in September 2012 Aetna issued a Clinical Policy Bulletin related to Acthar.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 188:** Mallinckrodt admits that Questcor's stock price declined over the week after September 19, 2012.  Mallinckrodt denies the remaining allegations in Paragraph 188.

**ANSWER TO PARAGRAPH 189:** Mallinckrodt admits that, on September 21, 2012, Questcor put an intended price increase on hold.  Mallinckrodt denies the remaining allegations in Paragraph 189.

**ANSWER TO PARAGRAPH 190:**  Mallinckrodt admits that on June 7, 2013, Questcor increased the WAC to $30,120.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 191:** Mallinckrodt denies the allegations in Paragraph 191.

**ANSWER TO PARAGRAPH 192:**  Mallinckrodt admits that on January 16, 2014, Questcor increased the WAC to $31,626.  Mallinckrodt denies that Questcor raised the AWP for Acthar.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 193:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 194:** Mallinckrodt admits that, after its parent acquired Questcor in 2014, there were discussions about increasing Acthar's WAC by 8.9%.  Mallinckrodt denies the remaining allegations in Paragraph 194.

**ANSWER TO PARAGRAPH 195:** Mallinckrodt admits the allegations in Paragraph 195.

**ANSWER TO PARAGRAPH 196:** Mallinckrodt admits that Plaintiff is purporting to quote language from a December 12, 2014, email from Mr. O'Neill.  The full email speaks for itself.  Mallinckrodt further admits that the WAC for Acthar increased 2% to $32,260 on December 16, 2014.  Mallinckrodt denies the remaining allegations in Paragraph 196.

27

**ANSWER TO PARAGRAPH 197:** Mallinckrodt denies the allegations in Paragraph 197.

**ANSWER TO PARAGRAPH 198:** Mallinckrodt admits that Questcor acquired rights to Synacthen in 2013.  Mallinckrodt denies the remaining allegations in Paragraph 198.

**ANSWER TO PARAGRAPH 199:** Mallinckrodt admits that Plaintiff is purporting to quote language from a December 12, 2014, email.  The full email speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 199.

**ANSWER TO PARAGRAPH 200:**  Mallinckrodt admits that on December 16, 2014, the Acthar WAC was increased to $32,260.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 201:** Mallinckrodt denies the allegations in Paragraph 201.

**ANSWER TO PARAGRAPH 202:** Mallinckrodt denies the allegations in Paragraph 202.

**ANSWER TO PARAGRAPH 203:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 204:** Mallinckrodt denies the allegations in Paragraph 204.

**ANSWER TO PARAGRAPH 205:** Mallinckrodt denies the allegations in Paragraph 205.

**ANSWER TO PARAGRAPH 206:** Mallinckrodt admits that Plaintiff is purporting to quote language from a document attached as Exhibit D to the complaint. The document speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 206.

**ANSWER TO PARAGRAPH 207:** Mallinckrodt denies the allegations in Paragraph 207.

**ANSWER TO PARAGRAPH 208:** Mallinckrodt denies that it "raised" the AWP or that Mr. Trudeau made a materially false statement.  Mallinckrodt is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 209:**  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 209 as the term "price" is unreasonably vague.

**ANSWER TO PARAGRAPH 210:** Mallinckrodt denies the allegations in Paragraph 210.

**ANSWER TO PARAGRAPH 211:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 212:** Mallinckrodt denies the allegations in Paragraph 212.

**ANSWER TO PARAGRAPH 213:** Mallinckrodt denies the allegations in Paragraph 213.

**ANSWER TO PARAGRAPH 214:** Mallinckrodt admits that Plaintiff quotes language from *In re Pharm. Ind. Average Wholesale Price Litig.*, 491 F. Supp. 2d 20 (D. Mass. 2007). The opinion speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 214.

**ANSWER TO PARAGRAPH 215:** Mallinckrodt admits that in April 2015 the company, without admitting any fault or wrongdoing, settled a shareholder lawsuit related to Questcor that was filed in the United States District Court for the Central District of California for the sum of $38 million.  Further answering, Mallinckrodt states that the complaint and the docket entries in that case speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 215.

**ANSWER TO PARAGRAPH 216:** Mallinckrodt admits that Plaintiff quotes from a New York Times article that itself quotes a portion of Mr. Trudeau's statement from an October 6, 2015 guidance call.  Mr. Trudeau's entire statement speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 216.

**ANSWER TO PARAGRAPH 217:** Mallinckrodt denies the allegations in Paragraph 217.

**ANSWER TO PARAGRAPH 218:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 219:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 220:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 221:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 222:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 223:** Mallinckrodt denies the allegations in Paragraph 223.

**ANSWER TO PARAGRAPH 224:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 225:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 226:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 227:** Mallinckrodt admits that Questcor purchased the rights to Acthar from Aventis.  Mallinckrodt denies the remaining allegations in Paragraph 227.

**ANSWER TO PARAGRAPH 228:** Mallinckrodt admits that in 2014 its parent acquired Questcor in a transaction valued at approximately $5.8 billion.  Mallinckrodt denies the remaining allegations in Paragraph 228.

**ANSWER TO PARAGRAPH 229:** Mallinckrodt admits that there is an Asset Purchase Agreement between Aventis and Questcor dated July 27, 2001.  That agreement speaks for itself. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 229; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 230:** Mallinckrodt admits that IS is a serious condition for infants with a small annual patient population. Mallinckrodt also admits that the IS indication for Acthar was approved by the FDA and orphan drug status was granted. Mallinckrodt denies the remaining allegations in Paragraph 230.

**ANSWER TO PARAGRAPH 231:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of whether Acthar's "primary sales" were for treatment of IS as the term "primary sales" is unreasonably vague, and therefore denies the allegations in Paragraph 231.

**ANSWER TO PARAGRAPH 232:** Mallinckrodt denies the allegations in Paragraph 232.

**ANSWER TO PARAGRAPH 233:** Mallinckrodt denies the allegations in Paragraph 233.

**ANSWER TO PARAGRAPH 234:** Mallinckrodt denies the allegations in Paragraph 234.

**ANSWER TO PARAGRAPH 235:** Mallinckrodt admits that Local 420 seeks relief but denies that Mallinckrodt is liable for damages or any other relief prayed for in the complaint. Mallinckrodt denies the remaining allegations in Paragraph 235.

**ANSWER TO PARAGRAPH 236:** Mallinckrodt admits that there are complaints filed by relators and the United States in *U.S. ex. Rel. Scott Clark v. Questcor Pharmaceuticals, Inc.*, 2:13-cv-01776-BMS (E.D. Pa.), and *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-00175-BMS (E.D. Pa.). Those complaints speak for themselves. Mallinckrodt denies that there was a "marketing scheme," and denies the remaining allegations in Paragraph 236.

**ANSWER TO PARAGRAPH 237:** The allegations in Paragraph 237 are not factual allegations; therefore no response is required.

**ANSWER TO PARAGRAPH 238:** Mallinckrodt denies the allegations in Paragraph 238.

**ANSWER TO PARAGRAPH 239:** Mallinckrodt admits that, prior to Mallinckrodt's acquisition of Questcor in 2014, Questcor had "Medical Science Liaisons" or "MSLs," that were separate and distinct from the company's commercial function. Mallinckrodt denies the remaining allegations in Paragraph 239.

**ANSWER TO PARAGRAPH 240:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 241:** Mallinckrodt denies the allegations in Paragraph 241.

**ANSWER TO PARAGRAPH 242:** Mallinckrodt admits that Plaintiff quotes language from relators' complaint in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et*

*al.*, 2:12-cv-00175-BMS (E.D. Pa.).  The complaint speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 242.

**ANSWER TO PARAGRAPH 243:** Mallinckrodt admits that Plaintiff quotes language from relators' complaint in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-00175-BMS (E.D. Pa.).  The complaint speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 243.

**ANSWER TO PARAGRAPH 244:** Mallinckrodt denies the allegations in Paragraph 244.

**ANSWER TO PARAGRAPH 245:** Mallinckrodt denies the allegations in Paragraph 245.

**ANSWER TO PARAGRAPH 246:** Mallinckrodt denies the allegations in Paragraph 246.

**ANSWER TO PARAGRAPH 247:** Mallinckrodt denies the allegations in Paragraph 247.

**ANSWER TO PARAGRAPH 248:** Mallinckrodt admits that it is among many defendants in on-going opioid litigation.  Mallinckrodt denies the remaining allegations in Paragraph 248.

**ANSWER TO PARAGRAPH 249:** Mallinckrodt denies the allegations in Paragraph 249.

**ANSWER TO PARAGRAPH 250:** Mallinckrodt denies the allegations in Paragraph 250.

**ANSWER TO PARAGRAPH 251:**  Mallinckrodt admits that in an open-label trial study participants and researchers both know which treatment the patient is receiving.  Mallinckrodt denies the remaining allegations in Paragraph 251.

**ANSWER TO PARAGRAPH 252:** Mallinckrodt denies the allegations in Paragraph 252.

**ANSWER TO PARAGRAPH 253:** Mallinckrodt admits that Plaintiff cites a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published in JAMA Network Open in June 2018.  That study speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 253.

**ANSWER TO PARAGRAPH 254:** Mallinckrodt admits that Plaintiff cites a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published in JAMA Network Open in June 2018.  That study speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 254.

**ANSWER TO PARAGRAPH 255:** Mallinckrodt admits that Plaintiff cites a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published in JAMA Network Open in June 2018.  That study speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 255.

**ANSWER TO PARAGRAPH 256:** Mallinckrodt admits that Plaintiff cites a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published in JAMA Network Open in June 2018.  That study speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 256.

**ANSWER TO PARAGRAPH 257:** Mallinckrodt admits that Plaintiff quotes language from a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published in JAMA Network Open in June 2018.  That study speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 257.

**ANSWER TO PARAGRAPH 258:** Mallinckrodt admits that Plaintiff quotes language from a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published in JAMA Network Open in June 2018.  That study speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 258.

**ANSWER TO PARAGRAPH 259:** Mallinckrodt admits that Plaintiff cites a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published

in JAMA Network Open in June 2018.  That study speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 259.

**ANSWER TO PARAGRAPH 260:** Mallinckrodt admits that Plaintiff quotes language from a study titled "Industry Payments to Physician Specialists Who Prescribe Repository Corticotropin" published in JAMA Network Open in June 2018.  That study speaks for itself. The Plaintiff's quote is also selective.  Elsewhere in the article its authors state:  "[T]he temporal sequence between payments and prescriptions cannot be definitely established.  It is conceivable that the company preferentially sought out and supported prominent prescribers of corticotrophin."  Mallinckrodt denies the remaining allegations in Paragraph 260.

**ANSWER TO PARAGRAPH 261:** Mallinckrodt admits that Plaintiff quotes a portion of a statement made during an October 14, 2014 investor briefing by Dr. Gary Phillips, a Senior Vice President and President of Mallinckrodt's Autoimmune and Rare Diseases business.  Mr. Phillips's complete statement speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 261.

**ANSWER TO PARAGRAPH 262:** Mallinckrodt admits that Dr. Phillips presented PowerPoint slides during the October 14, 2014 investor briefing.  The slides speak for themselves. Mallinckrodt denies the remaining allegations in Paragraph 262.

**ANSWER TO PARAGRAPH 263:** Mallinckrodt admits that Dr. Phillips presented PowerPoint slides during the October 14, 2014 investor briefing.  The slides speak for themselves. Mallinckrodt denies the remaining allegations in Paragraph 263.

**ANSWER TO PARAGRAPH 264:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 265:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 266:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 267:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 268:** Mallinckrodt, whose parent did not acquire Questcor until 2014, admits that Dr. Shaffer conducted speaker programs relating to Acthar for Questcor in 2013. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 269:** Mallinckrodt denies the allegations in Paragraph 269.

**ANSWER TO PARAGRAPH 270:** Mallinckrodt denies the allegations in Paragraph 270.

**ANSWER TO PARAGRAPH 271:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 272:** Mallinckrodt denies the allegations in Paragraph 272.

**ANSWER TO PARAGRAPH 273:** Mallinckrodt denies the allegations in Paragraph 273.

**ANSWER TO PARAGRAPH 274:** Mallinckrodt denies the allegations in Paragraph 274.

**ANSWER TO PARAGRAPH 275:** Mallinckrodt admits that it has reinvested Acthar revenues into research and development, as well as supply and distribution chains, for the drug. Mallinckrodt denies the remaining allegations in Paragraph 275.

**ANSWER TO PARAGRAPH 276:** Mallinckrodt admits that Plaintiff quotes language from an OIG Advisory Opinion No. 11-08. The opinion speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 276.

**ANSWER TO PARAGRAPH 277:** Mallinckrodt denies the allegations in Paragraph 277.

**ANSWER TO PARAGRAPH 278:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 279:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 280:** Mallinckrodt admits that Plaintiff lists payment data from the website ProPublica. That data speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 280.

**ANSWER TO PARAGRAPH 281:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 282:** Mallinckrodt admits that former employee, Barry Franks, filed a complaint against the company. The complaint speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 282.

**ANSWER TO PARAGRAPH 283:** Mallinckrodt denies the allegations in Paragraph 283.

**ANSWER TO PARAGRAPH 284:** Mallinckrodt denies the allegations in Paragraph 284.

**ANSWER TO PARAGRAPH 285:** Mallinckrodt denies the allegations in Paragraph 285.

**ANSWER TO PARAGRAPH 286:** Mallinckrodt denies the allegations in Paragraph 286.

**ANSWER TO PARAGRAPH 287:** Mallinckrodt, whose parent did not acquire Questcor until 2014, admits that Dr. Mandel conducted speaker programs concerning Acthar until March 2014. Mallinckrodt denies the remaining allegations in Paragraph 287.

**ANSWER TO PARAGRAPH 288:** Mallinckrodt denies the allegations in Paragraph 288.

**ANSWER TO PARAGRAPH 289:** Mallinckrodt denies the allegations in Paragraph 289.

**ANSWER TO PARAGRAPH 290:** Mallinckrodt denies the allegations in Paragraph 290.

**ANSWER TO PARAGRAPH 291:** Paragraph 291 does not contain any factual allegations; therefore no response is required.  To the extent a response is required, Mallinckrodt denies the allegations in Paragraph 291.

**ANSWER TO PARAGRAPH 292:** Mallinckrodt admits that Acument filed a complaint in Tennessee state court.  The complaint speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 292.

**ANSWER TO PARAGRAPH 293:** Mallinckrodt admits that Dr. Tumlin has conducted speaker programs related to Acthar for Mallinckrodt.  Mallinckrodt denies the remaining allegations in Paragraph 293.

**ANSWER TO PARAGRAPH 294:** Mallinckrodt admits that Dr. Tumlin has conducted speaker programs related to Acthar for Mallinckrodt.  Mallinckrodt denies the remaining allegations in Paragraph 294.

**ANSWER TO PARAGRAPH 295:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 296:** Mallinckrodt admits that Questcor provided funding for clinical studies for which Dr. Tumlin served as the principal investigator.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 296; therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 296.

**ANSWER TO PARAGRAPH 297:** Mallinckrodt admits that Questcor provided funding for clinical studies for which Dr. Tumlin served as the principal investigator.  Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 297; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 298:**   Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 299:** Mallinckrodt denies the allegations in Paragraph 299.

**ANSWER TO PARAGRAPH 300:** Mallinckrodt admits that Dr. Tumlin conducted speaker programs related to Acthar for Questcor and later Mallinckrodt.  Mallinckrodt denies the remaining allegations in Paragraph 300.

**ANSWER TO PARAGRAPH 301:**  Mallinckrodt admits that Questcor provided funding for clinical studies for which Dr. Tumlin served as the principal investigator.  Further answering,

Mallinckrodt admits that Dr. Tumlin conducted speaker programs related to Acthar. Mallinckrodt denies the remaining allegations in Paragraph 301.

**ANSWER TO PARAGRAPH 302:**  Mallinckrodt admits that Questcor provided funding for a study titled "Safety and Efficacy of Acthar Gel on Albuminuria and Urinary Transforming Growth Factor Excretion in Type II Insulin Requiring Diabetics with Nephrotic Range Proteinuria: A Pilot Study" for which Dr. Tumlin served as the principal investigator. Mallinckrodt denies the remaining allegations in Paragraph 302.

**ANSWER TO PARAGRAPH 303:** Mallinckrodt denies that it engaged in "white coat marketing" of Acthar.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 303; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 304:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 305:** Mallinckrodt denies the allegations in Paragraph 305.

**ANSWER TO PARAGRAPH 306:** Mallinckrodt admits that Plaintiff lists payment data from the website ProPublica.  That data speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 306.

**ANSWER TO PARAGRAPH 307:** Mallinckrodt denies the allegations in Paragraph 307.

**ANSWER TO PARAGRAPH 308:** Mallinckrodt admits that Plaintiff lists payment data from the website ProPublica.  That data speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 308.

**ANSWER TO PARAGRAPH 309:** Mallinckrodt admits that Plaintiff lists payment data from the website ProPublica.  That data speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 309.

**ANSWER TO PARAGRAPH 310:** Mallinckrodt denies the allegations in Paragraph 310.

**ANSWER TO PARAGRAPH 311:** Mallinckrodt denies the allegations in Paragraph 311.

**ANSWER TO PARAGRAPH 312:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 312; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 313:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 313; therefore these allegations are denied.  Further answering, Mallinckrodt admits that IUOE Local 542 filed a complaint in Pennsylvania state court and the Court of Common Pleas denied Mallinckrodt's Preliminary Objections.  Mallinckrodt denies the remaining allegations in Paragraph 313.

**ANSWER TO PARAGRAPH 314:** Mallinckrodt denies the allegations in Paragraph 314.

**ANSWER TO PARAGRAPH 315:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether Dr. Clauser treated multiple patients in Pennsylvania with Acthar; therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 315.

**ANSWER TO PARAGRAPH 316:** Mallinckrodt denies the allegations in Paragraph 316.

**ANSWER TO PARAGRAPH 317:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 318:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 319:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 320:** Mallinckrodt denies the allegations in Paragraph 320.

**ANSWER TO PARAGRAPH 321:** Mallinckrodt admits that Plaintiff lists payment data from the website ProPublica.  That data speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 321.

**ANSWER TO PARAGRAPH 322:** Mallinckrodt admits that Plaintiff quotes language from a CNN article.  The article speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 322.

**ANSWER TO PARAGRAPH 323:** Mallinckrodt admits that Dr. Clauser conducted speaker programs relating to Acthar for Questcor and later Mallinckrodt.  Mallinckrodt denies the remaining allegations in Paragraph 323.

**ANSWER TO PARAGRAPH 324:** Mallinckrodt admits that Plaintiff lists payment data from the website ProPublica.  That data speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 324.

**ANSWER TO PARAGRAPH 325:** Mallinckrodt, whose parent did not acquire Questcor until 2014, admits that Dr. Clauser has conducted speaker programs relating to Acthar for Questcor in 2013.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 325; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 326:** Mallinckrodt denies the allegations in Paragraph 326.

**ANSWER TO PARAGRAPH 327:** Mallinckrodt admits that Plaintiff cites payment data from the website ProPublica.  That data speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 327.

**ANSWER TO PARAGRAPH 328:** Mallinckrodt denies the allegations in Paragraph 328.

**ANSWER TO PARAGRAPH 329:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 329; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 330:** Mallinckrodt denies that it or Questcor "set" the AWP for Acthar.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 330; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 331:** Mallinckrodt denies the allegations in Paragraph 331.

**ANSWER TO PARAGRAPH 332:** Mallinckrodt denies the allegations in Paragraph 332.

**ANSWER TO PARAGRAPH 333:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether Dr. Urbaniak treated multiple patients in Pennsylvania with Acthar; therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 333.

**ANSWER TO PARAGRAPH 334:** Mallinckrodt admits that Plaintiff cites relators' complaint in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-00175-BMS (E.D. Pa.).  The complaint speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 334.

**ANSWER TO PARAGRAPH 335:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 336:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 337:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 337; therefore these allegations are denied. Mallinckrodt admits that Dr. Urbaniak conducted speaker programs relating to Acthar for Questcor and later Mallinckrodt.

**ANSWER TO PARAGRAPH 338:** Mallinckrodt admits that Plaintiff cites payment data from the website ProPublica. That data speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 338.

**ANSWER TO PARAGRAPH 339:** Mallinckrodt, whose parent did not acquire Questcor until 2014, admits that Dr. Urbaniak conducted speaker programs relating to Acthar for Questcor in 2013. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 339; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 340:** Mallinckrodt admits that Plaintiff cites payment data from the website ProPublica. That data speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 340.

**ANSWER TO PARAGRAPH 341:** Mallinckrodt denies the allegations in Paragraph 341.

**ANSWER TO PARAGRAPH 342:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 343:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 344:** Mallinckrodt denies that it "set" the AWP or price charged to patients or their third-party payors for Acthar.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 344; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 345:** Mallinckrodt admits that the FDA-approved Acthar label states, "H.P. Acthar Gel has been shown to have an embryocidal effect. There are no adequate and well-controlled studies in pregnant women. H.P. Acthar Gel should be used during pregnancy only if the potential benefit justifies the potential risk to the fetus."  Further answering, Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 345; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 346:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 347:** Mallinckrodt admits that Dr. Greenhouse has conducted speaker programs related to Acthar for Questcor in 2013.  Mallinckrodt denies Plaintiff's characterization that she served as a "spokes-doctor" or that she was trained in the "art" of being a "top Mallinckrodt KOL."  Mallinckrodt denies the remaining allegations in Paragraph 347.

**ANSWER TO PARAGRAPH 348:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 349:** Mallinckrodt admits that Dr. Greenhouse has conducted speaker programs for Acthar and received compensation.  The remaining allegations in Paragraph 349 are vague and ambiguous; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 350:** Mallinckrodt admits that Plaintiff cites payment data from the website ProPublica.  That data speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 350.

**ANSWER TO PARAGRAPH 351:** Mallinckrodt denies the allegations in Paragraph 351.

**ANSWER TO PARAGRAPH 352:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether Dr. Greenhouse has been prescribing Acthar since at least 2012; therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 352.

**ANSWER TO PARAGRAPH 353:** Mallinckrodt, whose parent did not acquire Questcor until 2014, is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 353; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 354:** Mallinckrodt denies the allegations in Paragraph 354.

**ANSWER TO PARAGRAPH 355:** Mallinckrodt admits that Dr. Greenhouse has conducted speaker programs related to Acthar for Questcor and Mallinckrodt.  Further answering, Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether "Patient A" was a beneficiary of IUOE Local 542 who was treated by Dr. Greenhouse;

therefore these allegations are denied.  Mallinckrodt denies the remaining allegations in Paragraph 355.

**ANSWER TO PARAGRAPH 356:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 357:** Mallinckrodt denies the allegations in Paragraph 357.

**ANSWER TO PARAGRAPH 358:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 359:** Mallinckrodt denies that it set or inflated the AWP for Acthar.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 359; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 360:** Mallinckrodt denies the allegations in the last sentence in Paragraph 360.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 360; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 361:**  Mallinckrodt admits that the FDA has approved Acthar for, among other things, "treatment of exacerbations of multiple sclerosis in adults." Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 361; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 362:** Mallinckrodt denies the allegations in Paragraph 362.

**ANSWER TO PARAGRAPH 363:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 364:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 365:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 366:** Mallinckrodt denies the allegations in Paragraph 366.

**ANSWER TO PARAGRAPH 367:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 368:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 369:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 370:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 371:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 372:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 373:** Mallinckrodt admits that the Acthar label specifically warns of "potential harm to the fetus" in women who use Acthar when pregnant.  Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 373; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 374:** Mallinckrodt admits that the Acthar label contains the following warning: "Pregnancy Class C: H.P. Acthar Gel has been shown to have an embryocidal effect. There are no adequate and well-controlled studies in pregnant women. H.P. Acthar Gel should be use during pregnancy only if the potential benefit justifies the potential risk to the fetus."  Mallinckrodt denies the remaining allegations in Paragraph 374.

**ANSWER TO PARAGRAPH 375:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 376:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 377:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 378:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 379:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 380:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 381:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 382:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 383:** Mallinckrodt denies the allegations in Paragraph 383.

**ANSWER TO PARAGRAPH 384:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 385:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 386:** Mallinckrodt admits that the MOA of Acthar in the treatment of infantile spasms is unknown.  Mallinckrodt further alleges that Acthar is known to stimulate the adrenal cortex to secrete cortisol, corticosterone, aldosterone, and a number of weakly androgenic substances.  Mallinckrodt denies the remaining allegations in Paragraph 386.

**ANSWER TO PARAGRAPH 387:** Mallinckrodt admits that Plaintiff selectively quotes language from Section 12.1 of the Acthar label. Plaintiff does not quote that entire section of the Acthar label, which speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 387.

**ANSWER TO PARAGRAPH 388:** Mallinckrodt admits that Plaintiff selectively quotes language from a September 27, 2010, Pre-Decisional Agency Memo from FDA's Division of Drug Marketing, Advertising, and Communications.  That document speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 388.

**ANSWER TO PARAGRAPH 389:** Mallinckrodt denies the allegations in Paragraph 389.

**ANSWER TO PARAGRAPH 390:** Mallinckrodt admits that the label for Acthar states that "Acthar Gel is a naturally sourced complex mixture of adrenocorticotropic hormone analogs [(ACTH)] and other pituitary peptides" and that "[t]he mechanism of action of Acthar Gel in the treatment of infantile spasms is unknown."  The label speaks for itself.  Mallinckrodt otherwise denies the allegations in Paragraph 390.

**ANSWER TO PARAGRAPH 391:** Mallinckrodt denies the allegations in Paragraph 391.

**ANSWER TO PARAGRAPH 392:** Mallinckrodt denies the allegations in Paragraph 392.

**ANSWER TO PARAGRAPH 393:** Mallinckrodt denies the allegations in Paragraph 393.

**ANSWER TO PARAGRAPH 394:** Mallinckrodt admits that Plaintiff selectively quotes from testimony of Mr. Cartt before the FTC.  The full transcript of Mr. Cartt's testimony speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 394.

**ANSWER TO PARAGRAPH 395:** Mallinckrodt denies the allegations in Paragraph 395.

**ANSWER TO PARAGRAPH 396:** Mallinckrodt denies the allegations in Paragraph 396.

**ANSWER TO PARAGRAPH 397:** Mallinckrodt admits that Plaintiff selectively quotes from statements on an investor call.  Mallinckrodt denies the remaining allegations in Paragraph 397.

**ANSWER TO PARAGRAPH 398:** Mallinckrodt denies the allegations in Paragraph 398.

**ANSWER TO PARAGRAPH 399:** Mallinckrodt admits that Plaintiff selectively quotes from statements on an investor call. Mallinckrodt denies the allegations remaining in Paragraph 399.

**ANSWER TO PARAGRAPH 400:** Mallinckrodt denies the allegations in Paragraph 400.

**ANSWER TO PARAGRAPH 401:** Mallinckrodt denies the allegations in Paragraph 401.

**ANSWER TO PARAGRAPH 402:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 403:** Mallinckrodt, whose parent did not acquire Questcor until 2014, admits that Questcor and later Mallinckrodt have invested in research into actual and potential uses of Acthar.  Mallinckrodt denies the remaining allegations in Paragraph 403.

**ANSWER TO PARAGRAPH 404:** Mallinckrodt denies the allegations in Paragraph 404.

**ANSWER TO PARAGRAPH 405:** Mallinckrodt denies the allegations in Paragraph 405.

**ANSWER TO PARAGRAPH 406:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 406; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 407:** Mallinckrodt denies the allegations in Paragraph 407.

**ANSWER TO PARAGRAPH 408:** Mallinckrodt denies the allegations in Paragraph 408.

**ANSWER TO PARAGRAPH 409:** Mallinckrodt admits that on June 4, 2019, the United States filed a complaint in intervention in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-00175-BMS (E.D. Pa.); *U.S. ex. Rel. Scott Clark v. Questcor Pharmaceuticals, Inc.,* 2:13-cv-01776-BMS (E.D. Pa.).  The complaint speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 409.

**ANSWER TO PARAGRAPH 410:** Mallinckrodt admits that on June 4, 2019, the United States filed a complaint in intervention in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-00175-BMS (E.D. Pa.); *U.S. ex. Rel. Scott Clark v. Questcor Pharmaceuticals, Inc.,* 2:13-cv-01776-BMS (E.D. Pa.).  The complaint speaks for itself. Mallinckrodt denies any "scheme" or unlawful conduct, and further denies the remaining allegations in Paragraph 410.

**ANSWER TO PARAGRAPH 411:** Mallinckrodt denies the allegations in Paragraph 411.

**ANSWER TO PARAGRAPH 412:** Mallinckrodt denies the allegations in Paragraph 412.

**ANSWER TO PARAGRAPH 413:** Mallinckrodt denies the allegations in Paragraph 413

**ANSWER TO PARAGRAPH 414:** Mallinckrodt denies the allegations in Paragraph 414

**ANSWER TO PARAGRAPH 415:** Mallinckrodt admits that CDF set up a fund called the MS Acute Exacerbation Fund and that Mallinckrodt made donations to CDF.   Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 415 that the fund had at least twice the available benefit per patient than any other program offered by CDF.  Mallinckrodt denies the remaining allegations in Paragraph 415.

**ANSWER TO PARAGRAPH 416:** Mallinckrodt denies the allegations in Paragraph 416.

**ANSWER TO PARAGRAPH 417:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 417; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 418:** Mallinckrodt denies the allegations in Paragraph 418.

**ANSWER TO PARAGRAPH 419:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 420:** Mallinckrodt denies the allegations in Paragraph 420.

**ANSWER TO PARAGRAPH 421:** Mallinckrodt admits that CDF set up a fund called the Exacerbation of Rheumatoid Arthritis Fund and that Mallinckrodt made donations to CDF. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 421 that the fund had at least twice the available benefit per patient than any other program offered by CDF. Mallinckrodt denies the remaining allegations of Paragraph 421.

**ANSWER TO PARAGRAPH 422:** Mallinckrodt admits that CNN published an article on April 30, 2019, about a whistleblower lawsuit against the company. The article speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 422.

**ANSWER TO PARAGRAPH 423:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 423; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 424:** Mallinckrodt admits that a complaint was filed in 2012 in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-00175-BMS (E.D. Pa.). Mallinckrodt admits that Ms. Pratta was hired by Questcor in September 2010

and her employment ended in June 2017.  Mallinckrodt admits that Mr. Strunck was hired by

Questcor in September 2010 and his employment ended in August 2011.  Mallinckrodt denies

the remaining allegations in Paragraph 424.

**ANSWER TO PARAGRAPH 425:** Mallinckrodt admits that CNN published an article on

April 30, 2019, about a whistleblower lawsuit against the company, but otherwise denies the

allegations in Paragraph 425.

**ANSWER TO PARAGRAPH 426:** Mallinckrodt denies the allegations in Paragraph 426.

**ANSWER TO PARAGRAPH 427:** Mallinckrodt admits that Pratta worked at Questcor and

Mallinckrodt, but Mallinckrodt denies the remaining allegations in Paragraph 427.

**ANSWER TO PARAGRAPH 428:** Mallinckrodt admits that Plaintiff purports to quote from a

transcript of a May 7, 2019, Mallinckrodt earnings conference call.  The full transcript speaks for

itself.  Mallinckrodt denies the remaining allegations in Paragraph 428.

**ANSWER TO PARAGRAPH 429:** Mallinckrodt admits that a complaint was filed by relators

in *U.S. ex. Rel. Charles Strunck and Lisa Pratta v. Mallinckrodt ARD, Inc., et al.*, 2:12-cv-

00175-BMS (E.D. Pa.). The complaint speaks for itself. Mallinckrodt denies the allegations of

"kickbacks" and "active concealment," and denies the remaining allegations in Paragraph 429.

**ANSWER TO PARAGRAPH 430:** Mallinckrodt denies the allegations in Paragraph 430.

**ANSWER TO PARAGRAPH 431:** Mallinckrodt denies the allegations in Paragraph 431.

**ANSWER TO PARAGRAPH 432:** Mallinckrodt denies the allegations in Paragraph 432.

**ANSWER TO PARAGRAPH 433:** Mallinckrodt admits that Acthar is currently approved for

nineteen indications.  Mallinckrodt denies the remaining allegations in Paragraph 433.

**ANSWER TO PARAGRAPH 434:** Mallinckrodt denies the allegations in Paragraph 434.

**ANSWER TO PARAGRAPH 435:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 435; therefore these allegations are denied. Mallinckrodt denies the allegations in the second sentence of Paragraph 435.

**ANSWER TO PARAGRAPH 436:** Mallinckrodt denies the allegations in Paragraph 436.

**ANSWER TO PARAGRAPH 437:** Mallinckrodt denies the allegations in Paragraph 437.

**ANSWER TO PARAGRAPH 438:** Mallinckrodt denies the allegations in Paragraph 438.

**ANSWER TO PARAGRAPH 439:** Mallinckrodt denies the allegations in Paragraph 439.

**ANSWER TO PARAGRAPH 440:** Mallinckrodt denies the allegations in Paragraph 440.

**ANSWER TO PARAGRAPH 441:** Mallinckrodt denies the allegations in Paragraph 441.

**ANSWER TO PARAGRAPH 442:** Mallinckrodt denies the allegations in Paragraph 442.

**ANSWER TO PARAGRAPH 443:** Mallinckrodt denies the allegations in Paragraph 443.

**ANSWER TO PARAGRAPH 444:** Mallinckrodt denies the allegations in Paragraph 444.

**ANSWER TO PARAGRAPH 445:** Mallinckrodt admits that Plaintiff purports to bring this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) on behalf of the putative class alleged in Paragraph 445. Mallinckrodt denies that Plaintiffs' claims are appropriate for class treatment.

**ANSWER TO PARAGRAPH 446:** Mallinckrodt admits that Plaintiff purports to bring this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) on behalf of the putative class alleged in Paragraph 446. Mallinckrodt denies that Plaintiffs' claims are appropriate for class treatment.

**ANSWER TO PARAGRAPH 447:** Paragraph 447 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 448:** Paragraph 448 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations; therefore the allegations are denied.

**ANSWER TO PARAGRAPH 449:** Mallinckrodt denies the allegations in Paragraph 449.

**ANSWER TO PARAGRAPH 450:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 450; therefore the allegations are denied.

**ANSWER TO PARAGRAPH 451:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 451; therefore the allegations are denied.

**ANSWER TO PARAGRAPH 452:** Mallinckrodt denies the allegations in Paragraph 452.

**ANSWER TO PARAGRAPH 453:** Mallinckrodt denies the allegations in Paragraph 453.

**ANSWER TO PARAGRAPH 454:** Mallinckrodt denies the allegations in Paragraph 454.

**ANSWER TO PARAGRAPH 455:** Mallinckrodt denies the allegations in Paragraph 455.

**ANSWER TO PARAGRAPH 456:** Mallinckrodt denies the allegations in Paragraph 456.

**ANSWER TO PARAGRAPH 457:** Mallinckrodt denies the allegations in Paragraph 457.

**ANSWER TO PARAGRAPH 458:** Mallinckrodt denies the allegations in Paragraph 458.

**ANSWER TO PARAGRAPH 459:** Mallinckrodt denies the allegations in Paragraph 459.

**ANSWER TO PARAGRAPH 460:** Mallinckrodt denies the allegations in Paragraph 460.

**ANSWER TO PARAGRAPH 461:** Mallinckrodt denies the allegations in Paragraph 461.

**ANSWER TO PARAGRAPH 462:** Mallinckrodt denies the allegations in Paragraph 462.

**ANSWER TO PARAGRAPH 463:** Mallinckrodt denies the allegations in Paragraph 463.

**ANSWER TO PARAGRAPH 464:** Mallinckrodt denies the allegations in Paragraph 464.

**ANSWER TO PARAGRAPH 465:** Mallinckrodt denies the allegations in Paragraph 465.

**ANSWER TO PARAGRAPH 466:** Mallinckrodt denies the allegations in Paragraph 466.

**ANSWER TO PARAGRAPH 467:** Mallinckrodt denies the allegations in Paragraph 467.

**ANSWER TO PARAGRAPH 468:** Mallinckrodt denies the allegations in Paragraph 468.

**ANSWER TO PARAGRAPH 469:** Mallinckrodt denies the allegations in Paragraph 469.

**ANSWER TO PARAGRAPH 470:** Mallinckrodt denies the allegations in Paragraph 470.

**ANSWER TO PARAGRAPH 471:** Mallinckrodt denies the allegations in Paragraph 471.

**ANSWER TO PARAGRAPH 472:** Mallinckrodt denies the allegations in Paragraph 472.

**ANSWER TO PARAGRAPH 473:** Mallinckrodt denies the allegations in Paragraph 473.

**ANSWER TO PARAGRAPH 474:** Mallinckrodt denies the allegations in Paragraph 474.

**ANSWER TO PARAGRAPH 475:** Mallinckrodt denies the allegations in the first sentence of Paragraph 475. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 475; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 476:** Mallinckrodt denies the allegations in Paragraph 476.

**ANSWER TO PARAGRAPH 477:** Mallinckrodt denies the allegations in Paragraph 477.

**ANSWER TO PARAGRAPH 478:** Mallinckrodt admits that company sales representatives made sales calls to physicians' offices, but otherwise denies the allegations in Paragraph 478.

**ANSWER TO PARAGRAPH 479:** Mallinckrodt denies the allegations in Paragraph 479.

**ANSWER TO PARAGRAPH 480:** Mallinckrodt denies the allegations in Paragraph 480.

**ANSWER TO PARAGRAPH 481:** Mallinckrodt denies the allegations in Paragraph 481.

**ANSWER TO PARAGRAPH 482:** Mallinckrodt denies the allegations in Paragraph 482.

## REPONSES TO "COUNT I"
## VIOLATION OF 18 U.S.C. § 1962(C)

**ANSWER TO PARAGRAPH 483:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 484:** Paragraph 484 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 485:** Paragraph 485 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 486:** Mallinckrodt denies the allegations in Paragraph 486.

**ANSWER TO PARAGRAPH 487:** Mallinckrodt denies the allegations in Paragraph 487.

**ANSWER TO PARAGRAPH 488:** Mallinckrodt denies the allegations in Paragraph 488.

**ANSWER TO PARAGRAPH 499:** Mallinckrodt denies the allegations in Paragraph 489.

**ANSWER TO PARAGRAPH 490:** Mallinckrodt denies the allegations in Paragraph 490.

**ANSWER TO PARAGRAPH 491:** Mallinckrodt denies the allegations in Paragraph 491.

**ANSWER TO PARAGRAPH 492:** Mallinckrodt denies the allegations in Paragraph 492.

**ANSWER TO PARAGRAPH 493:** Mallinckrodt denies the allegations in Paragraph 493.

**ANSWER TO PARAGRAPH 494:** Mallinckrodt denies the allegations in Paragraph 494.

**ANSWER TO PARAGRAPH 495:** Mallinckrodt denies the allegations in Paragraph 495.

**ANSWER TO PARAGRAPH 496:** Mallinckrodt denies the allegations in Paragraph 496.

**ANSWER TO PARAGRAPH 497:** Mallinckrodt denies the allegations in Paragraph 497.

**ANSWER TO PARAGRAPH 498:** Mallinckrodt denies the allegations in Paragraph 498.

**ANSWER TO PARAGRAPH 499:** Mallinckrodt denies the allegations in Paragraph 499.

## RESPONSES TO "COUNT II"
## CONSPIRING TO VIOLATE 18 U.S.C. § 1962(c)
## (18 U.S.C. § 1962(d))

**ANSWER TO PARAGRAPH 500:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 501:** Mallinckrodt admits that Plaintiff quotes a federal statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 501.

**ANSWER TO PARAGRAPH 502:** Mallinckrodt denies the allegations in Paragraph 502.

**ANSWER TO PARAGRAPH 503:** Mallinckrodt denies the allegations in Paragraph 503.

**ANSWER TO PARAGRAPH 504:** Mallinckrodt denies the allegations in Paragraph 504.

**ANSWER TO PARAGRAPH 505:** Mallinckrodt denies the allegations in Paragraph 505.

**ANSWER TO PARAGRAPH 506:** Mallinckrodt denies the allegations in Paragraph 506. Further answering, Mallinckrodt notes that Paragraph 506 refers to the "AbbVie Defendants," and this term is not defined in the Complaint.

**ANSWER TO PARAGRAPH 507:** Mallinckrodt denies the allegations in Paragraph 507.

**ANSWER TO PARAGRAPH 508:** Mallinckrodt denies the allegations in Paragraph 508.

**ANSWER TO PARAGRAPH 509:** Mallinckrodt denies the allegations in Paragraph 509.

**ANSWER TO PARAGRAPH 510:** Mallinckrodt denies the allegations in Paragraph 510.

**ANSWER TO PARAGRAPH 511:** Mallinckrodt denies the allegations in Paragraph 511.

**ANSWER TO PARAGRAPH 512:** Mallinckrodt denies the allegations in Paragraph 512.

**ANSWER TO PARAGRAPH 513:** Mallinckrodt denies the allegations in Paragraph 513.

**ANSWER TO PARAGRAPH 514:** Mallinckrodt denies the allegations in Paragraph 514.

**ANSWER TO PARAGRAPH 515:** Mallinckrodt denies the allegations in Paragraph 515.

**ANSWER TO PARAGRAPH 516:** Mallinckrodt denies the allegations in Paragraph 516.

**ANSWER TO PARAGRAPH 517:** Mallinckrodt denies the allegations in Paragraph 517.

**RESPONSES TO "COUNT III"**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW**

**ANSWER TO PARAGRAPH 518:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 519:** Mallinckrodt admits that Plaintiff quotes a Pennsylvania statute. The statute speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 519.

**ANSWER TO PARAGRAPH 520:** Mallinckrodt admits that Plaintiff references a Pennsylvania statute. The statute speaks for itself. Mallinckrodt denies the remaining allegations in Paragraph 520.

**ANSWER TO PARAGRAPH 521:** Mallinckrodt denies the allegations in Paragraph 521.

**ANSWER TO PARAGRAPH 522:** Paragraph 522 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 523:** The first sentence of Paragraph 523 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations. Mallinckrodt denies the allegations in the second sentence of Paragraph 523. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 523; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 524:** Mallinckrodt denies the allegations in Paragraph 524.

**ANSWER TO PARAGRAPH 525:** Mallinckrodt admits that Local 420 seeks relief but denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Mallinckrodt denies the remaining allegations in Paragraph 525.

**ANSWER TO PARAGRAPH 526:** Mallinckrodt denies the allegations in Paragraph 526.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH:**     The unnumbered paragraph that begins with "Wherefore" violates the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 10(b), and no response is required. To the extent that a response is required, Mallinckrodt denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Responding further, Mallinckrodt respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs and further relief as may be appropriate under the circumstances to Mallinckrodt.

### RESPONSES TO "COUNT IV"
### DEFENDANTS' VIOLATIONS OF OTHER STATE
### CONSUMER PROTECTION LAWS

**ANSWER TO PARAGRAPH 527:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 528:** Mallinckrodt denies the allegations in Paragraph 528.

**ANSWER TO PARAGRAPH 529:** Mallinckrodt denies the allegations in Paragraph 529.

**ANSWER TO PARAGRAPH 530:** Paragraph 530 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 531:** Mallinckrodt denies the allegations in Paragraph 531.

**ANSWER TO PARAGRAPH 532:** Mallinckrodt denies the allegations in Paragraph 532.

**ANSWER TO PARAGRAPH 533:** Mallinckrodt denies the allegations in Paragraph 533.

**ANSWER TO PARAGRAPH 534:** The first sentence of Paragraph 534 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 534.

**ANSWER TO PARAGRAPH 535:** Mallinckrodt denies the allegations in Paragraph 535.

**ANSWER TO PARAGRAPH 536:** Paragraph 536 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 537:** Mallinckrodt denies the allegations in Paragraph 537.

**ANSWER TO PARAGRAPH 538:** Mallinckrodt denies the allegations in Paragraph 538.

**ANSWER TO PARAGRAPH 539:** Mallinckrodt denies the allegations in Paragraph 539.

**ANSWER TO PARAGRAPH 540:** The first sentence of Paragraph 540 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 540.

**ANSWER TO PARAGRAPH 541:** Mallinckrodt denies the allegations in Paragraph 541.

**ANSWER TO PARAGRAPH 542:** Paragraph 542 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 543:** Mallinckrodt admits that Plaintiff quotes an Arizona statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 543.

**ANSWER TO PARAGRAPH 544:** Paragraph 544 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 545:** Paragraph 545 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 546:** Mallinckrodt denies the allegations in Paragraph 546.

**ANSWER TO PARAGRAPH 547:** Mallinckrodt denies the allegations in Paragraph 547.

**ANSWER TO PARAGRAPH 548:** Mallinckrodt denies the allegations in Paragraph 548.

**ANSWER TO PARAGRAPH 549:** The first sentence of Paragraph 549 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 549.

**ANSWER TO PARAGRAPH 550:** Mallinckrodt denies the allegations in Paragraph 550.

**ANSWER TO PARAGRAPH 551:** Mallinckrodt admits that Plaintiff quotes an Arkansas statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 551.

**ANSWER TO PARAGRAPH 552:** Paragraph 552 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 553:** Mallinckrodt denies the allegations in Paragraph 553.

**ANSWER TO PARAGRAPH 554:** Paragraph 554 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 555:** Mallinckrodt denies the allegations in Paragraph 555.

**ANSWER TO PARAGRAPH 556:** The first sentence of Paragraph 556 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 556.

**ANSWER TO PARAGRAPH 557:** Mallinckrodt denies the allegations in Paragraph 557.

**ANSWER TO PARAGRAPH 558:** Paragraph 558 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 559:** Paragraph 559 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 560:** Paragraph 560 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 561:** Mallinckrodt denies the allegations in Paragraph 561.

**ANSWER TO PARAGRAPH 562:** Mallinckrodt denies the allegations in Paragraph 562.

**ANSWER TO PARAGRAPH 563:** Mallinckrodt denies the allegations in Paragraph 563.

**ANSWER TO PARAGRAPH 564:** The first sentence of Paragraph 564 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 564.

**ANSWER TO PARAGRAPH 565:** Mallinckrodt denies the allegations in Paragraph 565.

**ANSWER TO PARAGRAPH 566:** Paragraph 566 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 567:** Mallinckrodt denies the allegations in Paragraph 567.

**ANSWER TO PARAGRAPH 568:** Mallinckrodt denies the allegations in Paragraph 568.

**ANSWER TO PARAGRAPH 569:** The first sentence of Paragraph 569 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 569.

**ANSWER TO PARAGRAPH 570:** Mallinckrodt denies the allegations in Paragraph 570.

**ANSWER TO PARAGRAPH 571:** Mallinckrodt admits that Plaintiff quotes a Connecticut statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 571.

**ANSWER TO PARAGRAPH 572:** Mallinckrodt denies the allegations in Paragraph 572.

**ANSWER TO PARAGRAPH 573:** Mallinckrodt denies the allegations in Paragraph 573.

**ANSWER TO PARAGRAPH 574:** Mallinckrodt denies the allegations in Paragraph 574.

**ANSWER TO PARAGRAPH 575:** Mallinckrodt denies the allegations in Paragraph 575.

**ANSWER TO PARAGRAPH 576:** Mallinckrodt admits that Plaintiff seeks relief but denies the remaining allegations in Paragraph 576. Further answering, Mallinckrodt denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint.

**ANSWER TO PARAGRAPH 577:** Mallinckrodt denies the allegations in Paragraph 577.

**ANSWER TO PARAGRAPH 578:** Mallinckrodt denies the allegations in Paragraph 578.

**ANSWER TO PARAGRAPH 579:** Mallinckrodt denies the allegations in Paragraph 579.

**ANSWER TO PARAGRAPH 580:** Mallinckrodt denies the allegations in Paragraph 580.

**ANSWER TO PARAGRAPH 581:** Mallinckrodt denies the allegations in Paragraph 581.

**ANSWER TO PARAGRAPH 582:** Mallinckrodt denies the allegations in Paragraph 582.

**ANSWER TO PARAGRAPH 583:** Mallinckrodt denies the allegations in Paragraph 583.

**ANSWER TO PARAGRAPH 584:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 584; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 585:** The first sentence of Paragraph 585 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt

denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 585.

**ANSWER TO PARAGRAPH 586:** Mallinckrodt denies the allegations in Paragraph 586.

**ANSWER TO PARAGRAPH 587:** Mallinckrodt admits that Plaintiff quotes a District of Columbia statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 587.

**ANSWER TO PARAGRAPH 588:** Mallinckrodt denies the allegations in Paragraph 588.

**ANSWER TO PARAGRAPH 589:** Mallinckrodt denies the allegations in Paragraph 589.

**ANSWER TO PARAGRAPH 590:** Mallinckrodt denies the allegations in Paragraph 590.

**ANSWER TO PARAGRAPH 591:** The first sentence of Paragraph 591 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 591.

**ANSWER TO PARAGRAPH 592:** Mallinckrodt denies the allegations in Paragraph 592.

**ANSWER TO PARAGRAPH 593:** Paragraph 593 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 594:** Paragraph 594 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 595:** The first sentence of Paragraph 595 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 595; therefore these allegations are denied.

**ANSWER TO PARAGRAPH 596:** Mallinckrodt denies the allegations in Paragraph 596.

**ANSWER TO PARAGRAPH 597:** Mallinckrodt admits that patients in Florida have purchased and used Acthar.  Mallinckrodt denies the remaining allegations in Paragraph 597.

**ANSWER TO PARAGRAPH 598:** Mallinckrodt denies the allegations in Paragraph 598.

**ANSWER TO PARAGRAPH 599:** The first sentence of Paragraph 599 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 599.

**ANSWER TO PARAGRAPH 600:** Mallinckrodt denies the allegations in Paragraph 600.

**ANSWER TO PARAGRAPH 601:** Mallinckrodt admits that Plaintiff quotes a Georgia statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 601.

**ANSWER TO PARAGRAPH 602:** Mallinckrodt denies the allegations in Paragraph 602.

**ANSWER TO PARAGRAPH 603:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth, and sixth sentences in Paragraph 603; therefore these allegations are denied. Mallinckrodt denies the remaining allegations in Paragraph 603.

**ANSWER TO PARAGRAPH 604:** Mallinckrodt denies the allegations in Paragraph 604.

**ANSWER TO PARAGRAPH 605:** Mallinckrodt denies the allegations in Paragraph 605.

**ANSWER TO PARAGRAPH 606:** The first sentence of Paragraph 606 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 606.

**ANSWER TO PARAGRAPH 607:** Mallinckrodt denies the allegations in Paragraph 607.

**ANSWER TO PARAGRAPH 608:** Mallinckrodt admits that Plaintiff quotes a Hawaii statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 608.

**ANSWER TO PARAGRAPH 609:** Mallinckrodt denies the allegations in Paragraph 609.

**ANSWER TO PARAGRAPH 610:** Mallinckrodt denies the allegations in Paragraph 610.

**ANSWER TO PARAGRAPH 611:** Paragraph 611 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 612:** The first sentence of Paragraph 612 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 612.

**ANSWER TO PARAGRAPH 613:** Mallinckrodt admits that Plaintiff quotes a Hawaii statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 613.

**ANSWER TO PARAGRAPH 614:** Paragraph 614 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 615:** Mallinckrodt denies the allegations in Paragraph 615.

**ANSWER TO PARAGRAPH 616:** Mallinckrodt admits that Plaintiff quotes an Idaho statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 616.

**ANSWER TO PARAGRAPH 617:** Paragraph 617 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 618:** Mallinckrodt admits that Plaintiff quotes an Idaho statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 618.

**ANSWER TO PARAGRAPH 619:** Mallinckrodt admits that Plaintiff quotes an Idaho statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 619.

**ANSWER TO PARAGRAPH 620:** Mallinckrodt admits that Plaintiff quotes an Idaho statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 620.

**ANSWER TO PARAGRAPH 621:** Mallinckrodt admits that Plaintiff quotes a federal statute and *State ex rel. Kidwell v. Master Distribs., Inc.*, 615 P.2d 116, 122 (1980).  The statute and opinion speak for themselves.  Mallinckrodt denies the remaining allegations in Paragraph 621.

**ANSWER TO PARAGRAPH 622:** Mallinckrodt denies the allegations in Paragraph 622.

**ANSWER TO PARAGRAPH 623:** Mallinckrodt denies the allegations in Paragraph 623.

**ANSWER TO PARAGRAPH 624:** Mallinckrodt denies the allegations in Paragraph 624.

**ANSWER TO PARAGRAPH 625:** The first sentence of Paragraph 625 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 625.

**ANSWER TO PARAGRAPH 626:** Mallinckrodt denies the allegations in Paragraph 626.

**ANSWER TO PARAGRAPH 627:** Mallinckrodt admits that Plaintiff quotes an Illinois statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 627.

**ANSWER TO PARAGRAPH 628:** Mallinckrodt denies the allegations in Paragraph 628.

**ANSWER TO PARAGRAPH 629:** Mallinckrodt denies the allegations in Paragraph 629.

**ANSWER TO PARAGRAPH 630:** Mallinckrodt denies the allegations in Paragraph 630.

**ANSWER TO PARAGRAPH 631:** The first sentence of Paragraph 631 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 631.

**ANSWER TO PARAGRAPH 632:** Mallinckrodt denies the allegations in Paragraph 632.

**ANSWER TO PARAGRAPH 633:** Mallinckrodt admits that Plaintiff quotes a Kansas statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 633.

**ANSWER TO PARAGRAPH 634:** Mallinckrodt admits that Plaintiff quotes a Kansas statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 634.

**ANSWER TO PARAGRAPH 635:** Mallinckrodt admits that Plaintiff quotes a Kansas statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 635.

**ANSWER TO PARAGRAPH 636:** Mallinckrodt admits that Plaintiff quotes a Kansas statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 636.

**ANSWER TO PARAGRAPH 637:** Mallinckrodt admits that Plaintiff quotes a Kansas statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 637.

**ANSWER TO PARAGRAPH 638:** Mallinckrodt admits that Plaintiff quotes a Kansas statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 638.

**ANSWER TO PARAGRAPH 639:** Mallinckrodt denies the allegations in Paragraph 639.

**ANSWER TO PARAGRAPH 640:** Mallinckrodt denies the allegations in Paragraph 640.

**ANSWER TO PARAGRAPH 641:** Mallinckrodt denies the allegations in Paragraph 641.

**ANSWER TO PARAGRAPH 642:** The first sentence of Paragraph 642 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation. Mallinckrodt denies the allegations in the second sentence of Paragraph 642.

**ANSWER TO PARAGRAPH 643:** Mallinckrodt denies the allegations in Paragraph 643.

**ANSWER TO PARAGRAPH 644:** Mallinckrodt admits that Plaintiff quotes a Kentucky statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 644.

**ANSWER TO PARAGRAPH 645:** Mallinckrodt admits that Plaintiff quotes a Kentucky statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 645.

**ANSWER TO PARAGRAPH 646:** Mallinckrodt denies the allegations in Paragraph 646.

**ANSWER TO PARAGRAPH 647:** Mallinckrodt admits that Plaintiff quotes a Louisiana statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 647.

**ANSWER TO PARAGRAPH 648:** Mallinckrodt denies the allegations in Paragraph 648.

**ANSWER TO PARAGRAPH 649:** Mallinckrodt admits that Plaintiff quotes a Maine statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 649.

**ANSWER TO PARAGRAPH 650:** Mallinckrodt denies the allegations in Paragraph 650.

**ANSWER TO PARAGRAPH 651:** Paragraph 651 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 652:** Mallinckrodt admits that Plaintiff quotes a Maryland statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 652.

**ANSWER TO PARAGRAPH 653:** Mallinckrodt admits that Plaintiff quotes a Maryland statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 653.

**ANSWER TO PARAGRAPH 654:** Mallinckrodt denies the allegations in Paragraph 654.

**ANSWER TO PARAGRAPH 655:** Mallinckrodt admits that Plaintiff quotes a Massachusetts statute.  The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 655.

**ANSWER TO PARAGRAPH 656:** Paragraph 656 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 657:** Mallinckrodt denies the allegations in Paragraph 657.

**ANSWER TO PARAGRAPH 658:** Mallinckrodt denies the allegations in Paragraph 658.

**ANSWER TO PARAGRAPH 659:** Mallinckrodt denies the allegations in Paragraph 659.

**ANSWER TO PARAGRAPH 660:** Mallinckrodt denies the allegations in Paragraph 660.

**ANSWER TO PARAGRAPH 661:** Mallinckrodt admits that Plaintiff cites a Michigan statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 661.

**ANSWER TO PARAGRAPH 662:** Mallinckrodt denies the allegations in Paragraph 662.

**ANSWER TO PARAGRAPH 663:** Mallinckrodt denies the allegations in Paragraph 663.

**ANSWER TO PARAGRAPH 664:** Mallinckrodt admits that Plaintiff quotes a Missouri statute. The statute speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 664.

**ANSWER TO PARAGRAPH 665:** Mallinckrodt admits that Plaintiff quotes a Missouri regulation.  The regulation speaks for itself.  Mallinckrodt denies the remaining allegations in Paragraph 665.

**ANSWER TO PARAGRAPH 666:** Mallinckrodt denies the allegations in Paragraph 666.

**ANSWER TO PARAGRAPH 667:** Mallinckrodt denies the allegations in Paragraph 667.

**ANSWER TO PARAGRAPH 668:** Mallinckrodt denies the allegations in Paragraph 668.

**ANSWER TO PARAGRAPH 669:** Mallinckrodt denies the allegations in Paragraph 669.

**ANSWER TO PARAGRAPH 670:** Mallinckrodt denies the allegations in Paragraph 670.

**ANSWER TO PARAGRAPH 671:** Mallinckrodt denies the allegations in Paragraph 671.

**ANSWER TO PARAGRAPH 672:** Mallinckrodt denies the allegations in Paragraph 672.

**ANSWER TO PARAGRAPH 673:** Mallinckrodt denies the allegations in Paragraph 673.

**ANSWER TO PARAGRAPH 674:** Mallinckrodt denies the allegations in Paragraph 674.

**ANSWER TO PARAGRAPH 675:** Mallinckrodt denies the allegations in Paragraph 675.

**ANSWER TO PARAGRAPH 676:** Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of whether Dr. Mandel lives and works in Ohio; therefore this allegation is denied. Mallinckrodt denies the remaining allegations in Paragraph 676.

**ANSWER TO PARAGRAPH 677:** Mallinckrodt denies the allegations in Paragraph 677.

**ANSWER TO PARAGRAPH 678:** Mallinckrodt denies the allegations in Paragraph 678.

**ANSWER TO PARAGRAPH 679:** Mallinckrodt denies the allegations in Paragraph 679.

**ANSWER TO PARAGRAPH 680:** Mallinckrodt denies the allegations in Paragraph 680.

**ANSWER TO PARAGRAPH 681:** Mallinckrodt denies the allegations in Paragraph 681.

**ANSWER TO PARAGRAPH 682:** Mallinckrodt denies the allegations in Paragraph 682.

**ANSWER TO PARAGRAPH 683:** Mallinckrodt denies the allegations in Paragraph 683.

**ANSWER TO PARAGRAPH 684:** Mallinckrodt denies the allegations in Paragraph 684.

**ANSWER TO PARAGRAPH 685:** Mallinckrodt denies the allegations in Paragraph 685.

**ANSWER TO PARAGRAPH 686:** Paragraph 686 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 687:** Paragraph 687 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 688:** Paragraph 688 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 689:** Paragraph 689 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 690:** Paragraph 690 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 691:** Mallinckrodt denies the allegations in Paragraph 691.

**ANSWER TO PARAGRAPH 692:** Mallinckrodt denies the allegations in Paragraph 692.

**ANSWER TO PARAGRAPH 693:** Mallinckrodt denies the allegations in Paragraph 693.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH:**    The unnumbered paragraph that begins with "Wherefore" violates the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 10(b), and no response is required. To the extent that a response is required, Mallinckrodt denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Responding further, Mallinckrodt respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs and further relief as may be appropriate under the circumstances to Mallinckrodt.

**RESPONSES TO "COUNT V"**
**NEGLIGENT MISREPRESENTATION**

**ANSWER TO PARAGRAPH 694:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 695:** Mallinckrodt denies the allegations in Paragraph 695.

**ANSWER TO PARAGRAPH 696:** Paragraph 696 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 697:** Mallinckrodt denies the allegations in Paragraph 697.

**ANSWER TO PARAGRAPH 698:** Mallinckrodt denies the allegations in Paragraph 698.

**ANSWER TO PARAGRAPH 699:** Mallinckrodt denies the allegations in Paragraph 699.

**ANSWER TO PARAGRAPH 700:** Mallinckrodt denies the allegations in Paragraph 700.

**ANSWER TO PARAGRAPH 701:** Mallinckrodt denies the allegations in Paragraph 701.

**ANSWER TO PARAGRAPH 702:** Mallinckrodt denies the allegations in Paragraph 702.

**ANSWER TO PARAGRAPH 703:** Mallinckrodt denies the allegations in Paragraph 703.

**ANSWER TO PARAGRAPH 704:** Paragraph 704 states a legal conclusion to which no response is required. To the extent a response is required, Mallinckrodt denies the allegation.

**ANSWER TO PARAGRAPH 705:** Mallinckrodt denies the allegations in Paragraph 705.

**ANSWER TO PARAGRAPH 706:** Mallinckrodt denies the allegations in Paragraph 706.

**ANSWER TO PARAGRAPH 707:** Mallinckrodt denies the allegations in Paragraph 707.

**ANSWER TO PARAGRAPH 708:** Mallinckrodt denies the allegations in Paragraph 708.

**ANSWER TO PARAGRAPH 709:** Mallinckrodt denies the allegations in Paragraph 709.

**ANSWER TO PARAGRAPH 710:** Mallinckrodt denies the allegations in Paragraph 710.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH:**     The unnumbered paragraph that begins with "Wherefore" violates the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 10(b), and no response is required. To the extent that a response is required, Mallinckrodt denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Responding further, Mallinckrodt respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs and further relief as may be appropriate under the circumstances to Mallinckrodt.

### RESPONSES TO "COUNT VI"
### AIDING AND ABETTING/CONSPIRACY

**ANSWER TO PARAGRAPH 711:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 712:** Mallinckrodt denies the allegations in Paragraph 712.

**ANSWER TO PARAGRAPH 713:** Mallinckrodt denies the allegations in Paragraph 713.

**ANSWER TO PARAGRAPH 714:** Mallinckrodt denies the allegations in Paragraph 714.

**ANSWER TO PARAGRAPH 715:** Mallinckrodt denies the allegations in Paragraph 715.

**ANSWER TO PARAGRAPH 716:** Mallinckrodt denies the allegations in Paragraph 716.

**ANSWER TO PARAGRAPH 717:** Mallinckrodt denies the allegations in Paragraph 717.

**ANSWER TO PARAGRAPH 718:** Mallinckrodt denies the allegations in Paragraph 718.

**ANSWER TO PARAGRAPH 719:** Mallinckrodt denies the allegations in Paragraph 719.

**ANSWER TO PARAGRAPH 720:** Mallinckrodt denies the allegations in Paragraph 720.

**ANSWER TO PARAGRAPH 721:** Mallinckrodt denies the allegations in Paragraph 721.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH:** The unnumbered paragraph that begins with "Wherefore" violates the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 10(b), and no response is required. To the extent that a response is required, Mallinckrodt denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Responding further, Mallinckrodt respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs and further relief as may be appropriate under the circumstances to Mallinckrodt.

## RESPONSES TO "COUNT VII"
## UNJUST ENRICHMENT

**ANSWER TO PARAGRAPH 722:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 723:** Mallinckrodt admits that Plaintiff brings a count for unjust enrichment but denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Mallinckrodt denies the remaining allegations in Paragraph 723.

**ANSWER TO PARAGRAPH 724:** Mallinckrodt denies the allegations in Paragraph 724.

**ANSWER TO PARAGRAPH 725:** Mallinckrodt denies the allegations in Paragraph 725.

**ANSWER TO PARAGRAPH 726:** Mallinckrodt denies the allegations in Paragraph 726.

**ANSWER TO PARAGRAPH 727:** Mallinckrodt denies the allegations in Paragraph 727.

**ANSWER TO PARAGRAPH 728:** Mallinckrodt denies the allegations in Paragraph 728.

**ANSWER TO PARAGRAPH 729:** Mallinckrodt denies the allegations in Paragraph 729.

**ANSWER TO UNNUMBERED "WHEREFORE" PARAGRAPH:**   The unnumbered paragraph that begins with "Wherefore" violates the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 10(b), and no response is required. To the extent that a response is required, Mallinckrodt denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Responding further, Mallinckrodt respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs and further relief as may be appropriate under the circumstances to Mallinckrodt.

**REPONSES TO "COUNT VIII"**
**DECLARATORY AND INJUNCTIVE RELIEF**

**ANSWER TO PARAGRAPH 730:** Mallinckrodt hereby incorporates by reference the foregoing responses as if the same were set forth fully at length herein.

**ANSWER TO PARAGRAPH 731:** Mallinckrodt denies the allegations in Paragraph 731.

**ANSWER TO PARAGRAPH 732:** Paragraph 732 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 733:** Mallinckrodt admits that Plaintiff seeks declaratory relief but denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Mallinckrodt denies the remaining allegations in Paragraph 733.

**ANSWER TO PARAGRAPH 734:** Mallinckrodt admits that Plaintiff seeks injunctive relief but denies that Mallinckrodt is liable for damages or any other relief prayed for in the Complaint. Mallinckrodt denies the remaining allegations in Paragraph 734.

**ANSWER TO PARAGRAPH 735:** Paragraph 735 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 736:** Paragraph 736 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 737:** Paragraph 737 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 738:** Paragraph 738 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 739:** Paragraph 739 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 740:** Paragraph 740 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

**ANSWER TO PARAGRAPH 741:** Paragraph 741 states legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt denies the allegations.

## RESPONSES TO "PRAYER FOR RELIEF"

**ANSWER:**     Mallinckrodt denies Plaintiff is entitled to any relief in this matter.

## RESPONSES TO "JURY DEMAND"

**ANSWER:**     Mallinckrodt admits that Plaintiff purports to demand a jury trial but denies that Plaintiff has stated claims that are triable.

## GENERAL DENIAL

Mallinckrodt further denies each and every allegation contained in the Complaint, including headings, charts, graphs, and figures, except as expressly admitted and qualified above.

## AFFIRMATIVE DEFENSES

Mallinckrodt states the following defenses to Plaintiff's Complaint. Each defense is asserted as to all claims against Mallinckrodt. By setting forth these affirmative defenses, Mallinckrodt does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiff's allegations.

As a separate and distinct affirmative defense, Mallinckrodt alleges as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part by, as untimely under the applicable statute of limitations.

3.     Plaintiff's claims are barred, in whole or in part, because Plaintiffs do not have standing to raise those claims.

4.     Plaintiff's recovery is barred because it is an indirect purchaser.

5.     Plaintiff's claims are barred, in whole or in part, because and to the extent of, their failure to mitigate alleged damages, if any.

6.     Plaintiff's claims are barred, in whole or in part, because Mallinckrodt is not liable for the acts of any other defendant.

7.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, unclean hands, and *in pari delicto*.

8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered an injury-in-fact actually or proximately caused by Mallinckrodt's alleged conduct.

9.      Plaintiff's claims are barred because Mallinckrodt's alleged conduct did not unreasonably restrain trade and was lawful, justified, pro-competitive, privileged, and/or excused, constituted bona fide business practices, and was carried out in furtherance of Mallinckrodt's independent and legitimate business interests, and not for the purpose or effect of injuring competition.

10.     Plaintiff's claims are barred to the extent that they are subject to contractual arbitration and/or forum selection provisions.

11.     Plaintiff cannot satisfy the prerequisites set forth in Rules 23(a) or 23(b)(3) of the Federal Rules of Civil Procedure to maintain this action as a class action and Plaintiff is not an appropriate class representative for any class seeking relief.

12.     Plaintiff's claim for damages is barred because its alleged damages, if any, are too speculative and uncertain and remote, and because of the impossibility of ascertaining and allocating these alleged damages.

13.     Plaintiff's claims are barred, in whole or in part to the extent that Plaintiff seeks damages that would constitute a duplicative recovery.

Mallinckrodt has not knowingly and intentionally waived any applicable defenses, and it hereby reserves the right to assert and rely upon other defenses and affirmative defenses that become available or apparent as this matter proceeds.

Mallinckrodt reserves the right to amend or seek to amend its answer and/or its affirmative defenses.

Dated: January 31, 2019    Respectfully submitted,

        **/s/ Daniel J. Sherry**
        Daniel J. Sherry
        **MARSHALL, DENNEHEY, WARNER,**
        **COLEMAN & GOGGIN**
        620 Freedom Business Center, Suite 300
        King of Prussia, PA 19406
        (610) 354-8260
        djsherry@MDWCG.com

        Jonathan D. Weiss
        **MARSHALL, DENNEHEY, WARNER,**
        **COLEMAN & GOGGIN**
        2000 Market Street, Suite 2300
        Philadelphia, PA 19103
        (215) 575-2815
        jdweiss@MDWCG.com

        Matthew M. Wolf
        Laura S. Shores
        Sonia K. Pfaffenroth
        Adam Pergament
        **ARNOLD & PORTER KAYE SCHOLER LLP**
        601 Massachusetts Avenue, NW
        Washington, DC 20001
        (202) 942-5462
        matthew.wolf@arnoldporter.com

## CERTIFICATE OF SERVICE

I, Daniel J. Sherry, Esquire hereby certifies that a true and correct copy of the foregoing Mallinckrodt ARD LLC's Answer and Affirmative Defenses to Plaintiff's Complaint was electronically filed and forwarded to the following via email and/or United States First Class Mail, postage prepaid, on the 31st day of January, 2020.

Donald E. Haviland, Jr., Esquire
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

Joseph P. Walsh, Esquire
Walsh Pancio, LLC
2028 North Broad Street
Lansdale, PA  19446

Sonia Pfaffenroth, Esquire
Adam Pergament, Esquire
Laura Shores, Esquire
Matthew Wolf, Esquire
Ryan Watts, Esquire
Arnold & Porter
601 Massachusetts Ave, NW
Washington, DC 20001-3743

Meghan McCaffrey, Esquire
Michael Lyle, Esquire
Ethan Glass, Esquire
Eric Lyttle, Esquire
Quinn Emanuel Urquhart & Sullivan, LLC
1300 I St. NW Suite 900
Washington, DC 20005

Respectfully submitted,

**/s/ Daniel J. Sherry**
Daniel J. Sherry

83

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8260
djsherry@MDWCG.com

Jonathan D. Weiss
**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2815
jdweiss@MDWCG.com

Matthew M. Wolf
Laura S. Shores
Sonia K. Pfaffenroth
Adam Pergament
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001