IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEAMFITTERS LOCAL UNION NO. 420, Individually and on behalf of all others similarly situated,**<br>**Plaintiff,** | **CIVIL ACTION** |
| **v.** | **NO. 19-3047** |
| **UNITED BIOSOURCE CORPORATION, now known as UNITED BIOSOURCE LLC, a wholly owned subsidiary of UNITED BIOSOURCE HOLDINGS, INC.,**<br>**Defendant.** | |

**O R D E R**

**AND NOW**, this 31st day of October, 2025, upon consideration of Defendant United Biosource Corporation's ("Defendant" or "UBC") Position on Bifurcation (ECF No. 124), Plaintiff Steamfitters Local Union No. 420's ("Plaintiff" or "Steamfitters") Memorandum of Law in Opposition to Defendant's Claim to Apply Collateral Estoppel to Bifurcate the Proceedings Under Federal Rule of Civil Procedure 42(b) (ECF No. 123), Defendant's Reply in Support of Position Statement on Bifurcation (ECF No. 129), Plaintiff's Response to Defendant's Position on Bifurcation (ECF No. 130), Defendant's Supplemental Brief Regarding Collateral Estoppel (ECF No. 140), Plaintiff's Supplemental Memorandum (ECF No. 142), Plaintiff's Notice of Supplemental Authority in Relation to Defendant's Request to Bifurcate Proceedings (ECF No. 132), and Defendant's response thereto (ECF No. 133), it is hereby **ORDERED** as follows:

1. The request to bifurcate this proceeding under Federal Rule of Civil Procedure 42(b) is **DENIED.**[1]

[1] As stated in the accompanying memorandum, this issue was not raised as a motion by Defendant. Rather, bifurcation was originally raised by Defendant in the December 28, 2022 Joint Status Report (ECF No. 113) following Mallinckrodt ARD LLC's Notice of Bankruptcy Discharge

2. Plaintiff's Motion to Strike Defendant's Request for Judgment on the Pleadings (ECF No. 141) (the "Motion to Strike") is **DENIED AS MOOT.**[2]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

(ECF Nos. 111, 113). In response, Judge Berle Schiller ordered the Parties to provide briefs on bifurcation in light of the potential collateral estoppel effects of the Bankruptcy Decision on January 4, 2023 (ECF No. 117). This Court ordered supplemental briefing on the bifurcation issue on October 9, 2024 (ECF No. 135) after a status hearing with the parties on October 7, 2024 (ECF No. 137).

[2] Defendant's request for judgment on the pleadings under Rule 12(c) appears in Defendant's Supplemental Brief Regarding Collateral Estoppel (ECF No. 140 at 1–50) and requested the Court dismiss Plaintiff's Complaint based on the alleged collateral estoppel effect of the U.S. Bankruptcy Court for the District of Delaware's December 21, 2021 Opinion and Final Order in *In re Mallinckrodt PLC*, 638 B.R. 57 (Bankr. D. Del. 2021). Plaintiff filed the Motion to Strike because Defendant never filed any formal motion to dismiss under Rule 12(c). (ECF No. 141.) Because the Court has ruled in the accompanying memorandum that the Bankruptcy Court's decision does not act as collateral estoppel to this case, Plaintiff's Motion to Strike the 12(c) motion is moot.